## D. M. Osborne & Co. vs. Rider.

*January 14 — February 3, 1885.*

*(1) Evidence of pecuniary responsibility: Immaterial error. (2) Contracts: Agency: Estoppel: Custom.*

1. The question being as to the responsibility of a person not a party to the action and it having been proved that there were judgments against him the collection of which could not be enforced by execution, an error in the admission of other testimony as to his pecuniary standing and reputation was immaterial.

2. A sub-agent agreed, by written contract, that notes taken by him on sales made for the principal should be notes of persons of well-known responsibility, and that if the principal should find at any time within six months after any settlement that any notes taken and passed upon at such settlement were doubtful or worthless at the time of sale, he (the sub-agent) would replace them with cash or good notes.  *Held:*

   (1) Statements made by the general agent at the time of a settlement that certain notes were all right and satisfactory would not relieve the sub-agent from his liability to replace them if within six months they were found to have been worthless at the time of sale.

   (2) Nor would previous statements by the general agent as to the responsibility of the maker of the notes, upon which the sub-agent claimed to have relied and therefore to have omitted further investigation, estop the principal from insisting upon the liability of the sub-agent.

   (3) Nor would any general custom among agents upon taking notes to receive and act upon a property statement by the maker without further inquiry as to his financial condition, abrogate the positive provisions of the contract.

D. M. Osborne & Co. vs. Rider.

APPEAL from the Circuit Court for *St. Croix* County.

The plaintiff is a corporation located at Auburn, N. Y., and engaged in the manufacture and sale of agricultural machinery. The defendant was appointed its sub-agent under a written contract, the terms of which will sufficiently appear from the opinion. This action is brought upon that contract to recover the amount of three notes of $40 each executed by one Joseph Fable to the plaintiff for a reaper sold by the defendant, as agent, to the said Fable. The defendant testified that after the sale of the machine to Fable he saw Steager, the agent of the plaintiff, and told him of the sale, and that he had got a property statement and taken the notes of Fable; that Steager told him he knew the man and that it was all right; that the defendant relied upon this statement by Steager and but for such statement would have looked into the matter to see that it was all right. The agent, Steager, denied ever having had any such conversation or having made such statements.

Other evidence and offers of testimony will appear from the opinion. The court directed the jury to return a verdict in favor of the plaintiff for the amount of the notes. From the judgment entered on such verdict the defendant appealed.

For the appellant the cause was submitted on briefs by *R. H. Start*, and for the respondent on briefs by *H. C. Baker* and *J. B. Smith*.

COLE, C. J. In his answer the defendant admits entering into the contract upon which this action is founded. He must therefore respond to the liability which the contract imposes upon him, unless he has some legal excuse which relieves him from the obligation he assumed. The fifth, tenth, and fifteenth clauses of the contract are the only ones which we need consider. By the fifth clause the defendant agreed that the makers of all notes which he should send

the plaintiff corporation under the contract should, at the time such notes were taken by him, be the notes of persons of well-known responsibility and good reputation for the payment of their debts in the locality where they resided; and that the notes so sent should be accompanied by true statements of the real and personal property of the makers, as specified. By the tenth clause the defendant agreed to be accountable to the plaintiff for any losses or expenses resulting from any deviation from the contract, or a non-compliance with it, on his part, or with the instructions and conditions thereof. By the fifteenth clause he agreed, in case the plaintiff or any of its general agents should find, at any time during six months from the date of any settlement, that any notes taken and passed upon at such settlement, were doubtful or worthless at the time of sale, then the defendant was to take the said notes and replace them with cash or notes secured by good responsible parties, which should be acceptable to the plaintiff or its authorized general agents.

These provisions of the contract are quite plain, and the undisputed facts show that the defendant has incurred a liability under them. In July, 1882, the defendant sold a harvester to one Fable, and took the latter's notes for the same. At this time, indisputably, Fable was utterly irresponsible, and his notes were of no value. It is true, each note given by Fable contained the requisite property statement, showing that he owned 160 acres of land in St. Croix county, forty acres of which was improved, and that the property was worth $1,200 over and above all incumbrances; also, that he owned personal property on his farm of the value of $250 above all indebtedness. This statement was entirely false. As a matter of fact the land was incumbered at the time for more than it was worth. An execution had been issued against Fable, on a judgment docketed in February, 1881, and returned by the deputy-sheriff unsatisfied.

This was ample evidence of Fable's insolvency, and that his notes were worthless when they were given.

On the 5th of October, 1882, the plaintiff, by its agent, had a settlement with the defendant, when Fable's notes were turned over to it. In less than four months it was ascertained that the notes were worthless, when the defendant was requested to take them back and replace them with cash or the notes of responsible parties, according to the contract. This he declined to do, and this suit was brought to enforce his liability. We do not perceive any sufficient grounds for holding that the defendant should be relieved from an obligation, voluntarily assumed, to make these notes good to the plaintiff. By the contract he undertook to do this. The contract is valid and binding on the parties.

Various exceptions were taken to the rulings of the court on the trial, but we see nothing in them which should work a reversal of the judgment. It is said the court erred in allowing several witnesses called by the plaintiff to testify whether Fable was, in July, 1882, a man of well-known responsibility and of good reputation for the payment of his debts in the community where he lived. It is said it did not appear that any of these witnesses were acquainted with Fable's reputation in that regard, nor did they testify that they knew what his pecuniary standing among his neighbors was. Whether these witnesses showed they were qualified to testify upon these points, we shall not stop to inquire. It is sufficient that Fable's insolvency was fully established by the record evidence. There were judgments against him at that time, the collection of which could not be enforced by execution. This proved what his responsibility was, and what his reputation for the payment of his debts must have been in the locality where he resided. Therefore, whether the testimony in question was competent or not, it is certain its admission could not have prejudiced the defendant in any way. The record evidence showed that Fable was utterly

D. M. Osborne & Co. vs. Rider.

irresponsible when his notes were given. Of course, those notes were absolutely worthless.

The defendant also offered to show that at the time of the settlement in October the Fable notes were talked about, and the agent said they were all right and satisfactory. This testimony was objected to and excluded. There can be no doubt that the ruling on this point was entirely correct. By the fifteenth clause the defendant agreed, in case the plaintiff should find, at any time during six months from the date of any settlement, that any notes taken by him were doubtful or worthless at the time of sale, he would make such notes good. Consequently it did not matter what the agent said about the notes at the time of settlement.

The defendant also offered to show by the plaintiff's agent Steager, who made the contract, that, at the time of its execution by the defendant, and when the sale of the machine was made to Fable and his notes taken, there was a general custom among the plaintiff's agents, as well as of all other machine agents in St. Croix county, that when a party came to purchase a machine and furnished the property statement required by their instructions, and which satisfied their judgment, to receive and act upon the statement without further inquiry as to the purchaser's financial condition. This was the offer in substance. The evidence was objected to and excluded. It seems to us it requires no lengthy discussion to vindicate the correctness of this ruling. What had a general custom among plaintiff's agents, or other machine agents in St. Croix county, to do with the provisions of the contract in this case? How could the defendant's liability under that contract be enlarged or diminished by such custom, if it existed? He had agreed, during six months from the date of any settlement, to made good any worthless notes which he had taken on the sale of machinery and turned over to the plaintiff. No custom, however general among machine agents in St. Croix county, could destroy or abrogate the clear positive provisions of this contract.

Equally untenable is the claim that the provisions of the contract have been waived, or that the plaintiff is estopped from insisting upon them after what its agent Steager had said or done, or failed to say or do, about Fable's responsibility. We see no facts in the case on which an estoppel can be predicated. Indeed, the liability of the defendant, under the contract, is conclusively established by the undisputed facts in the case.

*By the Court.—* The judgment of the circuit court is affirmed.