E. W. WALTERS *v.* EAGLE INDEMNITY COMPANY.

*(Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

384

James C. Elmore and L. H. Graves, for plaintiff in error.

Waring, Walker & Cox, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is an action by an injured workman, to recover from his employer's insurer compensation for a permanent total disability. The petition was dismissed on demurrer by the circuit court, applying section 14 of the workmen's compensation statute (Acts 1919, chapter 123; Code, section 6865). The employe, Walters, has prosecuted his appeal in the nature of a writ of error to this Court.

The petition avers that the injury for which compensation is claimed was caused by the servants or agents of the Choctaw Culvert and Machinery Company, and that petitioner sued that company for damages for his in-

juries; that during the trial of the suit for damages, on June 9, 1932, he entered a voluntary nonsuit and thereby dismissed the action; that on the same day he executed a covenant not to sue said company, the consideration for which covenant was $2500, and that said sum was paid to him.

The petition does not state the reason which impelled the petitioner to dismiss his action for damages, but since the covenant not to sue was executed on the same day we think it may be reasonably inferred that there was a causal connection between the two events. The covenant recites that "it is desired by the said E. W. Walters to dismiss his suit," indicating that the suit was pending when the covenant was executed.

The covenant not to sue, which is copied in the petition, recited the fact of the injury; that Walters was claiming compensation from his employer and had also filed his suit for damages against the covenantee, which had denied liability. It recited that "there is considerable doubt as to the liability of said Choctaw Culvert and Machinery Company and there is absolute liability under the Workmen's Compensation Act of Tennessee against the National Construction Company:" (petitioner's employer).

The covenant then pursued the usual form of such instruments, binding Walters not to sue, nor to permit any other person to sue the covenantee, for damages or compensation for said injuries, and to hold the covenantee "harmless from any and all claims or liabilities growing out of any such action or proceeding."

It was stipulated in the covenant that it was not intended as a release of any claim against the covenantee, and that it should not inure in any way to the benefit of

the petitioner's employer, the National Construction Company.

The section of the compensation law invoked by the defendant in error, the employer's insurer, contains the provision.: "That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both;" etc. Then follow the provisions subrogating the employer to the rights of the employe, in the event of an award of compensation. Acts 1919, chapter 123, section 14; Code, section 6865.

If the injured employe has "collected" from the covenantee, in the sense of the quoted provision, his right to collect compensation was thereby extinguished, and the demurrer to the petition was properly sustained. *Mitchell* v. *Usilton*, 146 Tenn., 419, 425, 242 S. W., 648.

The workmen's compensation act was adopted to protect industrial workers against the hazards of their employment, and to cast upon the industry in which they are employed a share of the burden resulting from industrial accidents. *Partee* v. *Memphis Concrete Pipe Co.*, 155 Tenn., 441, 444, 295 S. W., 68.

The provisions of section 14 were designed to relieve the employer from this burden in cases in which the injuries are caused by the fault of other persons. The provisions against the collection of both damages and compensation, and subrogating the employer to the rights of the employe in the event compensation is awarded,

were enacted for the benefit of the employer, as an integral part of the scheme of compensation. *Keen* v. *Allison* (Decided May 20, 1933), 166 Tenn., —, 60 S. W. (2d), 158.

The compensation act is a remedial act, and we have consistently followed the legislative injunction that it be given an equitable construction, to the end that its objects and purposes may be realized and attained. Acts 1919, chapter 123, section 47; Code, section 6901.

The reported cases, in this and other jurisdictions, reveal that the practice of executing a covenant not to sue, rather than a release or discharge, in the compromise or settlement of claims for damages, has been resorted to for the purpose of avoiding the technical rule of the common law, that the discharge of a wrongdoer extinguishes the cause of action arising out of the wrong, and therefore operates equally to discharge those jointly guilty thereof. We recognized that this effect may not result from a mere covenant not to sue, on the very technical ground that the covenant not to sue does not have the effect of extinguishing any part of the cause of action arising from the tort. *Smith* v. *Dixie Park & Amusement Co.*, 128 Tenn., 112, 120, 157 S. W., 900.

But in *Nashville Interurban Ry. Co.* v. *Gregory*, 137 Tenn., 422, 436, 193 S. W., 1053, this Court also recognized that in a subsequent suit by the covenantor against the covenantee, on the same cause of action, the latter may plead the breach of the covenant by way of set-off or recoupment, the covenant being thus given the effect of a satisfaction of the damages which the injured person might otherwise be entitled to, although not, in legal parlance, a technical satisfaction of the cause of action. This practical effect of the covenant was expressed in

*Saulman* v. *City Council of Nashville,* 131 Tenn., 427, 175
S. W., 532, by the statement of the court that one of two
joint *tort-feasors,* ''by payment of a sum certain to plain-
tiff and taking from her a covenant not to further prose-
cute her suit against it  .  .  .  discharged its liability.''

The ruling in *Nashville Interurban Ry. Co.* v. *Gregory,*
*supra,* that the amount received by the covenantor may
not operate to reduce the damages recoverable from the
joint *tort-feasor,* was made necessary by the general rule
that there can be no contribution between joint *tort-*
*feasors,* and not because the sum so received can in no
event be treated as a payment of damages for the injury
inflicted. No such rule against contribution is here in-
volved. The statute interposes the collection of damages,
not merely in reduction of compensation, but as a bar
to the right to compensation.

The petition discloses that the sum of $2500 was paid
petitioner, upon his entry of a voluntary nonsuit in his
action for damages, as a consideration for his covenant
not to renew or permit the renewal of such action. The
covenant described the liability of the defendant in that
action as doubtful, but the institution of the suit by peti-
tioner was an assertion by him of that liability, and in
the execution of the covenant he admitted nothing more
than a doubt of his ability to establish that liability as a
basis for recovery of damages.

The language of the statute is that the employe
''shall not be entitled to collect from both.'' With refer-
ence to the word ''collect,'' as used in the provision of
section 14 empowering the employer to ''collect'' in-
demnity from the wrongdoer, we said, in *American Mu-*
*tual Liability Ins. Co.* v. *Otis Elevator Co.,* 160 Tenn.,
248, 254, 23 S. W. (2d), 245, that it is a term not usually

employed in statutes creating legal liability, and that "it imports an act of payment without reference to the legal grounds on which payment may be demanded."

■ We are persuaded that we must treat the sum paid to the petitioner, for his covenant not to sue, as a payment on account of the wrong done him, or claimed to have been done him, and in satisfaction of the payor's liability to him for the injury he had sustained. It cannot be said to have been a gratuity, as contended by the petitioner, since it was made for the express purpose of relieving the payor of the risk of a claim for damages which the petitioner was then actively asserting and prosecuting, and in consideration of petitioner's agreement or covenant to abandon his right to sue. The amount paid was substantial, and not negligible as in *American Mutual Liability Ins. Co.* v. *Patrick,* 157 Tenn., 618, 11 S. W. (2d), 872, the facts of which case clearly distinguish it from the case at bar, in that absence of liability on the part of the third party was conceded and no claim for damages was made.

Giving effect to the plain purpose and import of the language of section 14 of the compensation statute, we hold that a substantial payment received by an injured workman in satisfaction of the liability of a person other than his employer for an injury, sustained under circumstances creating in such person legal liability to pay damages in respect thereto, extinguishes his right to demand compensation for such injury from his employer, regardless of whether such payment is received as a discharge of the cause of action for the tort, or in the form of consideration for a covenant not to sue. To rule otherwise would, we think, give countenance to an obvious evasion of the statute.

■ It is however contended by the petitioner that in order to give effect to such rule, it must be made to appear in the suit for compensation that the person from whom damages were collected was in fact legally liable to pay damages for the injury, and that, since the petition herein does not so aver, the fact does not appear in aid of the demurrer. Petitioner cites: *Stowell* v. *Texas Employers Ins. Assoc.* (Texas Court of Appeals), 259 S. W., 311; *Green* v. *Ann Arbor,* — Mich., —, 22 N. W., 394. To these may be added *Renner* v. *Model Laundry, Cleaning & Dyeing Co.,* 191 Iowa, 1288, 184 N. W., 611, dealing with a covenant not to sue, and no doubt other cases may be found of like import.

Dealing with the English statute of 1906, prohibiting the recovery of both damages and compensation for an injury "caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof," the same phrase found in section 14 of our statute, the Court of Appeal, King's Bench Division, in 1908, construed the quoted language thus: "That must mean not merely if there are circumstances which in fact create a legal liability for negligence, but where there are circumstances which it is alleged create that liability, and which are the foundation of an action for negligence." And further, in the opinion of FARWELL, L. J.: "Now 'creating a legal liability' cannot mean that the Court has to determine judicially that there was a legal liability before the section can apply; for that would involve one of two things—either that the workman must litigate up to judgment against a third person to see if he is legally liable, or that the Court must determine the liability of a third person not before it, as if an action were brought against him.

Therefore the section refers, in my opinion, to a *prima-facie* case of legal liability, something that is not pure bounty, but a *prima-facie* case of liability, which although not acknowledged, is yet discharged by the payment of money." *Page* v. *Burtwell*, 2 K. B. (Eng.), 758, 77 L. J. K. B. (N. S.), 1061, 99 L. T. (N. S.), 542.

As we have said hereinabove, the inhibition against the collection of both damages and compensation is a provision for the benefit of the employer, to relieve him of the burden of paying compensation when the injured workman has made claim for compensatory damages against a negligent third person and has received satisfaction. If the claim for damages is made and satisfied, the purpose of the compensation statute is met, regardless of the justice or merits of the claim, and the workman has freely exercised the option created for him by the statute. And if the burden was thereafter upon the employer, pleading the collection of damages in bar of the right to compensation, to prove the negligence of the third person, he would find both participants in the accident contending that there was in fact no negligence, and the statutory provision would be of little or no practical benefit. A confusion of issues would result which an "equitable construction" of section 14 does not sanction or warrant.

So we think the construction given to the same provision of the English statute, long before its enactment in this State, expresses its truth and meaning, and accurately measures its application.

The petitioner prosecuted his claim for damages as a legal liability of a third person, and collected a substantial sum in satisfaction of his claim. He has therefore collected from the third person, within the sense and

meaning of section 14 of the compensation statute, and is therefore not entitled to demand compensation from his employer.

The demurrer to the petition was properly sustained, and the judgment will be affirmed.