MILLICAN *et al. v.* HOME STORES, INC.

(*Knoxville*, September Term, 1953.)

Opinion filed July 23, 1954.

J. F. WHELESS, of Chattanooga, for appellant.

O. W. McKENZIE, of Dayton, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is a Workmen's Compensation Case which should have been styled in the reverse of the caption above, in that the Home Stores, Inc., is the appellant.

While Vance Morgan, pursuant to his duties as an employee of Home Stores, Inc., was returning in August, 1951, from Chattanooga to his place of employment in Dayton, the automobile in which he was riding became involved in a traffic accident in which several other automobiles of third parties were involved. He died in a few days as a result of the injuries received. His widow instituted this suit for an award to herself and their minor child of the compensation provided by the Workmen's Compensation Law Code, Sec. 6851 et seq. The Chan-

cellor allowed the award less a credit hereafter discussed. The employer, Home Stores, has appealed.

▇ In response to the insistence of employer that it is relieved of liability on the ground that it did not receive written notice within the time required, the Chancellor found that the "General Manager of the Home Stores visited the deceased in the local hospital and was fully cognizant of the accident and its implications". This finding of the Chancellor is well sustained by the evidence. Adams, the general manager of the Home Stores, testified that on the day after the accident he made an investigation and "found out about the accident * * * when it happened and all about it". Hence, the Chancellor's finding of actual notice, Code Section 6872, is supported by material evidence.

Mrs. Morgan took a covenant not to sue from one of the third parties involved in the accident in consideration of the receipt of $700. She sued another of the third parties, and subsequently dismissed this suit with prejudice, and "released" this party for $900. Both settlements were without the consent or knowledge of the employer.

The employer's insistence is that the receipt by Mrs. Morgan of money from third parties in settlement of her alleged claims against them did, because of the provision of the Workmen's Compensation Law, Section 6865, Code Supplement, relieve it, the employer, of any liability. In allowing the award provided by that law, the Chancellor credited the judgment with the $1,600 which Mrs. Morgan had collected from the respective third parties.

▇ Well considered briefs as to the legal effect of these two settlements have been ably presented by the respective litigants with citation of decisions from other jurisdictions. In response to such citations the Chancel-

lor very appropriately quoted from our case of *Portin* v. *Portin (Foster-Creighton Co.)*, 149 Tenn. 530, 536, 261 S. W. 362, 363 that "consideration of the decisions of other states would not be of particular help to us in the construction of our statute". Decision of the question made in the case is controlled by whatever is the true construction of our Workmen's Compensation Law on the point. And in ascertaining that construction, the Act is to be construed, Code Section 6901, liberally in favor of persons entitled to its benefits. *Johnson Coffee Company* v. *McDonald*, 143 Tenn. 505, 514, 226 S. W. 215.

As originally enacted, the Workmen's Compensation Law provided that when the injuries were received under circumstances creating a liability upon the part of third parties for injuries to the employee he, the employee, was authorized to proceed against both the employer and such third party *"but he shall not be entitled to collect from both"*. Section 6865 of the 1932 Code. As a result of that provision it was held in *Walters* v. *Eagle Indemnity Co.*, 166 Tenn. 383, 389, 61 S. W. (2d) 666, 88 A. L. R. 654, that receipt of compensation by an injured employee from a third party in consideration of a covenant upon the part of the employee not to sue the third party extinguishes the right of such employee to compensation from his employer.

The law so continued until in 1949, by Chapter 277 of the Public Acts, our Legislature re-enacted Code Section 6865. The re-enactment is carried in the Code Supplement under that number. As re-enacted, in so far as pertinent here, it is provided that where the employee receives an injury for which a third party, as well as the employer, is liable

"the injured workman * * * shall have the right to take compensation under this chapter and * * *

may pursue his * * * remedy * * * in a court of competent jurisdiction against such other person. In the event of recovery from such other person * * * by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the amount paid or payable under this chapter, and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action * * * must be instituted in all cases within one year from the date of the injury. Failure * * * to bring such action within the time herein specified shall operate as an assignment to the employer of any cause of action in tort which the workman * * * may have against any other party * * * and such employer may enforce same in his own name or the name of the workman, or those to whom the right of action survives, being dependents, for such employer's benefit as his interest may appear by proper action in any court of competent jurisdiction, and shall have six months after such assignment within which to commence such suit.''

By reason of the above statute, the employer plausibly insists that it had a right to reimbursement from the third parties, alleged tort-feasors, to the extent of the employer's liability to the employee, provided the third parties are liable to that extent to the employee, or his dependents, for their alleged torts, and that the settlement made by Mrs. Morgan with these third parties destroyed that right. Therefore, it, the employer, so employer says, is discharged from the obligations fixed upon it by the Workmen's Compensation Law for the injuries and death of its employee, Mr. Morgan.

It is very probably a fact that in many instances where a third party is involved the employee, or his dependents, are damaged by reason of the employee's injury or death in an amount which substantially exceeds the amount of compensation that is to be awarded under the Workmen's Compensation Law. Yet, until the 1949 amendment the injured employee or his dependents, in case of his death, were precluded from seeking a recovery against an alleged third party wrongdoer so as to recover the full measure of damages suffered if this employee or his dependents had accepted from the employer the amount awarded by the statute.

The 1949 amendment was undoubtedly enacted for the purpose of changing this situation by (1) allowing the injured parties to receive from the employer the amount awarded by the statute and (2) at the same time assert his claim against the third party as an alleged wrongdoer for the full measure of damages suffered with (3) the employer having a lien upon the recovery or settlement to the extent of the amount paid by such employer to the employee, or his dependents, under the provisions of the Workmen's Compensation Law; and (4) if the employee or his dependents had not asserted claim against the third party within one year, then, by way of subrogation, the right is given the employer to recover from such third party damages in an amount not to exceed the amount paid or payable by that employer to its employee, or dependents.

The language of 1949 amendment, by necessary implication, authorizes the employee to settle with the third party without suit. That language is that if the employee recovers from the third party "by judgment, *settlement or otherwise,* the employer shall be subrogated" etc. (Italics supplied.)

█ . Mrs. Morgan was empowered by Sec. 8236 of the Code Supplement to maintain suit for the benefit of herself and minor child against these third parties for their alleged torts. Being so empowered, she was authorized to compromise these claims without suit. *Holder* v. *Nashville, C. & St. L. R. Co.*, 92 Tenn. 141, 142, 144-145, 20 S. W. 537; *Jackson* v. *Dobbs,* 154 Tenn. 602, 605, 290 S. W. 402. The 1949 amendment to the Workmen's Compensation Act does not purport to deprive her of this right to so settle such claims. Nor does it purport to postpone the exercise by the widow of such right to a date subsequent to a final determination of the employer's liability under the Workmen's Compensation Law. The Court is without authority to write into this 1949 amendment such limitations upon the rights of the widow.

█ It follows that the Chancellor was correct, in the opinion of this Court, in holding that notwithstanding such settlements of the widow with these third parties "the employer would remain liable for compensation to the full extent, as provided by the statute; but, that he would be entitled to a credit against his liability equal to the amount of money actually collected as a consideration for the 'covenant not to sue' and the 'release'. This would appear to be proper since the Act specifically gives the employer a lien upon a recovery 'by judgment, settlement or otherwise' ".

It may be parenthetically observed that employers will be confronted but seldom, if ever again, with the situation of employer in this case. This is because very few employees, or their dependents, will be found who are so altruistic as to make with third parties in tort claims a settlement that would only reduce by the amount of such settlement the sum which the employer otherwise would

be required to pay such employee or his dependents, but would not at all increase the total amount finally to be collected by such employee. Mrs. Morgan, the dead employee's widow, evidently took this unusual action under a misconstruction of the 1949 amendment.

It is not necessary to mention other insistences made in behalf of the employer because those insistences are predicated upon a construction of the 1949 amendment which this Court thinks, as above stated, to be a construction contrary to that which this Court herein has placed upon that amendment.

The decree of the Chancellor will be affirmed and the cause remanded.