**Lucille BEAM, Appellee,**

v.

**MARYLAND CASUALTY COMPANY,
Appellant.**

Supreme Court of Tennessee.

March 6, 1972.

Donelson M. Leake, Erma G. Greenwood, Knoxville, for appellant.

Carey E. Garrett, Thearon F. Chandler, Knoxville, for appellee.

OPINION

CRESON, Justice.

The instant case involves a declaratory judgment suit instituted by Lucille Beam against appellant, Maryland Casualty Company. Appellant is the workmen's compensation carrier of Life & Casualty Insurance Company, which was the employer of Mrs. Beam's deceased husband. The suit was commenced in order to determine the extent of appellant's subrogation rights under T.C.A. § 50–914 in the proceeds received in settlement of a prior wrongful death action instituted by Mrs. Beam.

In the course of this opinion the parties will be referred to as they appeared in the trial court; that is, Lucille Beam, as complainant, and Maryland Casualty Company, as defendant.

Complainant alleges that on October 25, 1969, her husband, Charles F. Beam, was killed in an automobile accident "while in the course and scope of his employment"; that the deceased was survived by complainant, his wife, a daughter, Connie Beam, age 17, and a son, Charles Beam, age 25; that since the accident defendant has paid complainant the sum of $3,555.00 as "benefits due her under the Workmen's Compensation insurance policy"; that under the Workmen's Compensation statute applicable at the time of the death of Charles F. Beam "defendant is liable" to complainant for the sum of $18,800.00, plus medical and burial benefits; that complain-

ant instituted a wrongful death action against the third party tort-feasors, whose negligence caused the accident; that this wrongful death claim was settled for $10,000.00; that a draft from the third party tort-feasor's liability insurer was made payable to complainant, her attorneys, and defendant; and that defendant "refuses to endorse the draft and is claiming a disproportionate share of the draft" for its subrogation claim. Complainant prays that determination be made as to "defendant's subrogation interest in the wrongful death proceeds, if any".

In its answer defendant admits that it refused to endorse the draft and avers that it took this course of action for the reason complainant's attorneys asserted that defendant "had no right to subrogation or claim for credit in any but a small portion of the proceeds of this settlement." Defendant avers that it is obligated to make payment to complainant in the amount of $18,800.00 for death payments; that it is entitled to subrogation rights or a credit of $6,666.67 under T.C.A. § 50–914; that this amount represents the total net recovery to complainant for settlement of the wrongful death action after deducting a reasonable attorney's fee.

The parties, in the court below, entered into a number of stipulations. The substance of these stipulations is:

On October 25, 1969, Charles F. Beam was killed in an automobile accident at the intersection of Inskip Road and Fair Drive, in Knoxville, Tennessee. The accident occurred in the course of decedent's employment with Life and Casualty Insurance Company. Defendant was the workman's compensation insurance carrier for the decedent's employer.

Mr. Beam left a widow, the complainant, and two children surviving him. At the time of the accident, Connie Beam, the decedent's daughter, was 17 years of age, and Charles Beam, decedent's son by a previous marriage, was 25 years old.

Immediately following the death of her husband, defendant voluntarily started making Workmen's Compensation payments to complainant, at the rate of $47.00 per week. Under the Workmen's Compensation law, defendant was obligated to pay complainant death benefits in the amount of $18,800.00, plus burial benefits. It is undisputed, that through April 30, 1971, defendant has paid complainant the sum of $4,213.00 for death benefits, and medical benefits for $35.00.

As a result of the automobile accident, complainant, as widow of Charles F. Beam and administratrix of the estate of Charles F. Beam, for the use and benefit of heirs-at-law and next-of-kin, instituted a wrongful death action against John P. Freshour and his wife, Joan C. Freshour. This cause was settled for the Freshours' liability policy limits, in the amount of $10,000.00. The draft was made payable to Lucille Beam, widow of Charles F. Beam and administratrix of the estate of Charles F. Beam, Carey E. Garrett and Thearon F. Chandler, attorneys, and Maryland Casualty Company. Mr. Garrett and Mr. Chandler, attorneys for Lucille Beam, have a contract with complainant for an attorneys' fee of one-third of the recovery. Defendant refused to endorse the draft from the liability carrier of the Freshours, inasmuch as complainant or her attorneys refused to allow subrogation to defendant for the balance of the recovery as a credit on the death benefits under the Workmen's Compensation Act.

The pertinent part of T.C.A. § 50–914, which sets forth the subrogation rights under the Workmen's Compensation law, provides as follows:

"In event of such recovery against such third person by the workman, or by those to whom his right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workmen's compensation under chapters 9 through 12 of this title has been fully or partially paid and dis-

charged, the employer shall have a subrogation lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Provided, further, that in event said net recovery by the workman, or by those to whom his right of action survives, exceeds the amount paid by the employer, and the employer has not, at said time, paid and discharged his full maximum liability for workmen's compensation under chapters 9 through 12 of this title, the employer shall be entitled to a credit on his future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer. Provided further, however, that in event the workman, or those to whom his right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement, or otherwise, without intervention by the employer, the employer shall, nevertheless, be entitled to a credit on his future liability for workmen's compensation, as it accrues under chapters 9 through 12 of this title, to the extent of said net recovery."

The Chancellor was of the opinion that defendant's subrogation rights extend only to complainant's one-third portion of the net recovery in the wrongful death action, or $2,222.22. This holding is predicated upon the following findings: (1) that under the law of this State complainant and the two children were entitled to share equally in the net recovery of the wrongful death cause; (2) that complainant is the "only recipient of Workmen's Compensation benefits in this case"; (3) that "neither child received any Workmen's Compensation benefits by virtue of their father's death"; (4) that T.C.A. § 50–914 was designed to prevent a "double recovery" by the recipient of a Workmen's Compensation award. From these findings the trial court concludes that defendant's rights under T.C.A. § 50–914 only extended to the widow's portion of the proceeds recovered from the Freshours.

From the adverse decree of the court below, defendant has seasonably perfected an appeal to this Court. The only question presented on appeal is whether or not the Chancellor erred in determining that defendant's subrogation lien extended only to the widow's portion of the recovery in the wrongful death action.

We are of the view that the Chancellor incorrectly construed T.C.A. § 50–914, and that the decree must be reversed.

■ The paramount rule of statutory construction is that it is the duty of this Court to ascertain and give effect to the legislative intent. State ex rel. Bastnagel v. City of Memphis (1970) Tenn., 457 S.W.2d 532; State ex rel. Rector v. Wilkes (1968) 222 Tenn. 384, 436 S.W.2d 425. We believe that a brief history of our prior statutory and decisional law will allow us to bring the legislative intent into clear focus.

The law of this State prior to 1949 was clear. The acceptance of the benefits under the Workmen's Compensation law by an employee's dependents barred any action by the personal representative, dependents or next-of-kin against the employer or a third party for wrongful death. McCreary v. Nashville, C. & St. L. Ry. (1931) 161 Tenn. 691, 34 S.W.2d 210. Under our statute prior to 1949 the widow and other dependents were entitled to recover either under the Workmen's Compensation Act or by an action for wrongful death, but could not obtain both compensation and damages for wrongful death.

The General Assembly by Chapter 277 of the Public Acts of 1949 amended our prior statute to provide that "the injured workman, or his dependents, shall have the right to take compensation under the Act and said injured workmen, or those to whom the right of action survives at law, being dependents, may pursue his or their remedy by proper action" against such third party whose negligence caused the injury or death of the workman. Chapter

277 goes further and provides that in the event of recovery against the negligent third party the employer shall be subrogated to the extent of the amount paid or payable under the Workmen's Compensation Act.

In the case of Millican v. Home Stores, Inc. (1954) 197 Tenn. 93, 270 S.W.2d 372, this Court held that a widow's suit for an award under the Workmen's Compensation Act was not barred by her prior settlement of two wrongful death actions instituted against negligent third parties. Even though the employer would remain liable for compensation, "he would be entitled to a credit against his liability equal to the amount of money actually collected" in the prior settlements.

In 1963 the Legislature amended Chapter 277 of the Public Acts of 1949 and substituted in its place the language that is presently codified as T.C.A. § 50–914. We cannot fail to note that the General Assembly again provided the same statutory plan so that in the event the employee or "those to whom his right of action survives" shall recover against a negligent third party, after receiving compensation from the employer, then the employer shall have a "subrogation lien" or "a credit on his future liability . . . to the extent of said net recovery". The legislative intent is to reimburse an employer for payments made under a Workmen's Compensation award from "the net recovery" obtained by the employee or *those to whom his right of action survives*, to the extent of employer's total obligation under the Compensation Act.

Any other construction placed upon T.C.A. § 50–914 would require us to disregard the legislative intent; and this we will not do.

It results that the decree of the Chancellor is reversed. The cause is remanded to the trial court for entry there of a proper decree not inconsistent with this opinion.

The costs of the appeal are taxed to complainant.

DYER, C. J., and CHATTIN and Mc-CANLESS, JJ., and JENKINS, Special Judge, concur.