**PLOUGH, INC. and Liberty Mutual Insurance Company, Plaintiffs-Appellants,**

v.

**PREMIER PNEUMATICS, INC., Leco Incorporated and Rick Brenner Company, Corporations, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section.

June 30, 1983.

Application for Permission to Appeal Denied Oct. 11, 1983.

Jack A. Childers, Jr., Memphis, for plaintiffs-appellants.

John R. Cannon, Jr., Memphis, for defendant-appellee Rick Brenner Co.

Joe D. Spicer, Memphis, for defendant-appellee Premier Pneumatics.

CRAWFORD, Judge.

In this case we are asked to construe Tenn.Code Ann. § 50–914 (1977)[1] which provides for actions against third persons who may be liable for injury to an employee who receives workers' compensation. The statute provides in pertinent part:

When the injury or death for which compensation is payable under Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman ... shall have the right to take compensation under such law, and such injured workman ... may pursue his ... remedy by proper action in a court of competent jurisdiction against such other person...

In the event of such recovery against such third person by the workman ... by judgment, settlement, or otherwise, and the employer's maximum liability for workman's compensation under chapters 9 through 12 of this title has been fully or partially paid and discharged, the employer shall have a subrogation lien therefore against such recovery and the employer may intervene in any action to protect and enforce such lien ...

Such action against such other person by the injured workman ... must be instituted in all cases within one (1) year from the date of injury. Failure on the part of the injured workman ... to bring such action within said one (1) year shall operate as an assignment to the employer of any cause of action in tort which the

workman ... may have against any other person for such injury or death, and such employer may enforce same in his own name or in the name of the workman ... as such employer's interest may appear, and the employer shall have six (6) months after such assignment within which to commence such suit.

Tenn.Code Ann. § 50–914 (1977).

The issue presented is whether an employer, after the expiration of one year from the date of injury and within the additional six-month period, may sue one or more alleged tortfeasors not sued by the injured employee within one year of the injury when the employee has filed an action against some but not all potentially liable third parties. The trial court held that the employer could not maintain such a suit and dismissed the case. For the reasons hereinafter set out, we disagree with the ruling of the trial court.

Employee injured his hand on December 11, 1980, under circumstances entitling him to benefits under the Workers' Compensation Act which were paid and are being paid by Liberty Mutual Insurance Company for the employer, Plough, Inc. The insurance carrier stands in the same position as the employer and we will hereafter refer to plaintiffs as "Employer." On December 10, 1981, the employee filed suit seeking damages against certain third parties in Circuit Court. On March 24, 1982, the suit under consideration was filed by Employer against three defendants that the employee had chosen not to sue, seeking recovery for the monies that it had paid under the Workers' Compensation Act alleging that the defendants were negligent and that they were also liable under the doctrine of strict liability in tort.

■ The action against third persons contemplated by and provided for by Tenn. Code Ann. § 50–914 (1977) is in tort and includes all types of relations creating the duty of the tortfeasor such as automobile and general negligence cases, products lia-

---

1. Now Tenn.Code Ann. § 50–6–112 (1983).

bility cases, medical malpractice cases, and federal tort claims act cases.

■ Under the common law, joint tortfeasors are both jointly and severally liable, and they may be sued in one action or they may be sued in separate actions. *See Moore v. Chattanooga Electric Ry. Co.,* 119 Tenn. 710, 109 S.W. 497 (1908).

For background on the statute under consideration, we quote from *Millican v. Home Stores, Inc.,* 197 Tenn. 93, 270 S.W.2d 372 (1954):

> As originally enacted, the Workers' Compensation Law provided that when the injuries were received under circumstances creating a liability upon the part of third parties for injuries to the employee he, the employee, was authorized to proceed against both the employer and such third party "*but he shall not be entitled to collect from both.*" Section 6865 of the 1932 Code. As a result of that provision it was held in *Walters v. Eagle Indemnity Co.,* 166 Tenn. 383, 389, 61 S.W.2d 666, 88 A.L.R. 654, that receipt of compensation by an injured employee from a third party in consideration of a covenant upon the part of the employee not to sue the third party extinguishes the right of such employee to compensation from his employer.
>
> The law so continued until in 1949, by Chapter 277 of the Public Acts, our Legislature re-enacted Code Section 6865 ... [In essence this is the same statute with which we are dealing except for later changes which do not effect the parts pertinent to this opinion.]

*Id.,* at 96, 270 S.W.2d at 373.

Prior to 1949 amendment, the injured employee was precluded from seeking recovery against an alleged wrongdoer in order to attempt to recover fully the damages suffered if the employee had accepted from the employer the workers' compensation benefits provided by the statute. As pointed out by Justice Tomlinson in *Millican:*

> The 1949 amendment was undoubtedly enacted for the purpose of changing this situation by (1) allowing the injured parties to receive from the employer the amount awarded by the statute and (2) at the same time assert his claim against the third party as an alleged wrongdoer for the full measure of damages suffered with (3) the employer having a lien upon the recovery or settlement to the extent of the amount paid by such employer to the employee, or his dependents, under the provisions of the Workmen's Compensation Law; and (4) if the employee or his dependents had not asserted claim against the third party within one year, then, by way of subrogation, the right is given the employer to recover from such third party damages in an amount not to exceed the amount paid or payable by that employer to its employee, or dependents.

*Id.,* at 98, 270 S.W.2d at 374.

■ The rule of statutory construction to which all others must yield is that the intention of the legislature must prevail. *City of Humboldt v. Morris,* 579 S.W.2d 860, 863 (Tenn.Ct.App.1978); *see Tidwell v. Collins,* 522 S.W.2d 674, 676 (Tenn.1975).

We must assume that the legislature in 1949 was well aware of joint and several liability of tortfeasors which has been the law in this state "since the memory of man runneth not to the contrary."

■ A statute is to be construed with reference to pre-existing law, and it does not change pre-existing law further than it expressly declares or necessarily implies. *In Re Estates of Deskins,* 214 Tenn. 608, 381 S.W.2d 921 (1964).

■ Defendants-appellees argue that an employer may only sue third parties when the injured employee has failed to sue *any* third parties within one year of the injury, and that once an injured employee sues a third party, the employer's right to sue additional third parties is pre-empted. This argument has the characteristic of a mirage: it disappears upon close examination. It is based upon an altogether strained and narrow reading of the statute. Legislative intent or purpose is to be ascertained primarily from the natural and

ordinary meaning of the language used, when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Company*, 545 S.W.2d 736, 738 (Tenn.1977); *see City of Lenoir v. State ex rel. City of Loudon*, 571 S.W.2d 297, 299 (Tenn.1978). The express language of the statute does not support their argument, and we do not believe that defendants-appellees' proposed construction of the statute is an accurate representation of the legislature's intent. Indeed, the statute was passed to *inter alia* facilitate an employer's recovery against tortious third parties when the injured employee has failed to bring an action against such tortious third parties.

Defendants-appellees also assert: "The legislature could easily have provided for this situation by adding to the statute language that allows the employer or insurer to bring a suit against any person not sued by the employee." This, of course, is what the legislature did. The irony of this argument is that the defendant's proposed construction of the statute is the only one that requires words not used by the legislature to be added to the statute. The statute simply says: "[Any injured employee] may pursue his ... remedy by a proper action in a court of competent jurisdiction against such other *person* [legally liable for injuries to the employee]." Tenn.Code Ann. § 50–914 (1977) (emphasis added). The Legislature employed the singular form of "person" in referring to a tortious third party knowing that one or multiple suits could be filed by the employee against alleged tortfeasors. We would strain indeed if we construed the Act to mean that the filing of one suit against one tortfeasor would bar the employer from his rights to sue others under the statute.

■ It is the duty of the court to reconcile inconsistent or repugnant provisions of a statute, and to construe a statute so that no part will be inoperative, superfluous, void or insignificant. It must give effect to every word, phrase, clause and sentence of the act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another. *Tidwell v. Collins, supra,* at 676–677.

■ By enacting § 50–914 we feel that the Legislature clearly intended to place the pecuniary loss on the author of the misfortune, thus allowing both employer and employee to benefit. It is equally clear that the benefit to the employer in allowing a suit as in the case *sub judice* does not in any way diminish the benefit to employee. On the other hand, the interpretation of the statute suggested by defendants could allow the real culprit to reap the most benefit.

■ We hold that under Tenn.Code Ann. § 50–914 (now § 50–6–112) at the expiration of the one year period provided for suit by the employee, the employer has a period of six months within which to sue any alleged tortfeasor not sued by employee.

Accordingly, the judgment of the trial court is reversed, and the case is remanded. The costs of the appeal are adjudged against the defendants-appellees.

TOMLIN and HIGHERS, JJ., concur.