Tracey Lee HEGGIE, Individually and as widow of Christopher A. Heggie, deceased Plaintiff–Appellant,

and

Tennessee County Services Association Self–Insurance Fund Intervening Plaintiff–Appellee,

v.

CUMBERLAND ELECTRIC MEMBERSHIP CORPORATION, Defendant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 31, 1990.

Application for Permission to Appeal Denied by Supreme Court May 7, 1990.

Paul D. Welker, Thomas E. Stamper, Clarksville, for plaintiff-appellant.

Terry L. Hill, Manier, Herod, Hollabaugh & Smith, Nashville, for intervening plaintiff-appellee.

## OPINION

LEWIS, Judge.

Plaintiff's intestate, Christopher A. Heggie, was an employee of Montgomery County, Tennessee. While in the course and scope of his employment, Mr. Heggie was killed when a shovel he was using in his work came in contact with uninsulated electrical wires owned and maintained by the defendant Cumberland Electric Membership Corporation (CEMC).

The intervening plaintiff, Tennessee County Services Association Self–Insurance Fund (TCSA), the workers' compensation carrier for Montgomery County, paid to plaintiff Mr. Heggie's maximum workers' compensation death benefit and related expenses amounting to $69,305.

Thereafter, Plaintiff brought suit against CEMC alleging that its negligence was the proximate cause of Mr. Heggie's death. TCSA intervened in the suit as a plaintiff to protect its subrogation interest pursuant to Tenn.Code Ann. § 50–6–112.

Following the filing of this suit, plaintiff entered into negotiations with CEMC and settled her claim for $25,000. The settlement agreement provided in pertinent part as follows:

It is further agreed and understood that this settlement is not a compromise of the claim of the worker's compensation carrier for the Montgomery County Highway Department, which I am advised is the Tennessee County Services Association Self–Insurance Fund. This release is not meant to release the releasees herein from any potential claim, valid or otherwise, which might be made against any releasee herein by the worker's compensation carrier for my husband's employer.

After entering into the settlement, plaintiff moved for a voluntary non-suit which was granted by order of the Circuit Court.

TCSA then moved to set aside the order of non-suit and for an order requiring plaintiff to surrender all funds paid to her pursuant to the settlement agreement and further requested that such funds be paid to TCSA.

Following the hearing, the trial court granted TCSA's motion, decreeing that TCSA had a subrogation lien on the funds received by the plaintiff which attached as a result of TCSA's payment to plaintiff under the Workers' Compensation Act, Tenn.Code Ann. § 50–6–112(c).

Plaintiff appeals from that order and presents one issue, as follows:

Did the Circuit Court err in setting aside the voluntary non-suit entered in the plaintiff's action against the defendant and in ordering the plaintiff to surrender to the intervenor the sums received from the defendant in settlement of the wrongful death action where the rights of the intervenor against the defendant, the third party tortfeasor, were specifically preserved in the settlement agreement between the plaintiff and the defendant?

Stated another way, the issue is: Whether, under Tenn.Code Ann. § 50–6–112,[1] an employee may settle a common law negligence action against a third-party tortfeasor free of any claims of his employer for benefits paid under the Workers' Compensation Act where the settlement agreement specifically preserves all rights of the employer and/or the employer's workers' compensation carrier.

Plaintiff contends, and we agree, that "implicit in the right of action granted by T.C.A. § 50–6–112(a) is the right to effect a settlement with a third-party tortfeasor in a manner which is favorable to the employee and which protects the subrogation rights of the employer." *See Millican v. Home Stores, Inc.,* 197 Tenn. 93, 98, 270 S.W.2d 372, 374 (1954). We also agree with plaintiff that there is a strong public policy in Tennessee favoring the settlement of litigation. *See Third National Bank v. Scribner,* 212 Tenn. 400, 370 S.W.2d 482 (1963).

Plaintiff argues that she has complied with the foregoing in her settlement with

---

1. **Actions against third persons.**—(a) When the injury or death for which compensation is payable under the Workers' Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or his dependents, shall have the right to take compensation under such law, and such injured worker, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

. . . .

(c) In event of such recovery against such third person by the worker, or by those to whom his right of action survives, by judgment, settlement, or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Provided, further, that in event the net recovery by the worker, or by those to whom his right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged his full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on his future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer. Provided further, however, that in event the worker, or those to whom his right of action survives, effects a recovery, and collection thereof, from such other person, by judgment, settlement, or otherwise, without intervention by the employer, the employer shall nevertheless, be entitled to a credit on his future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery.

CEMC, *i.e.*, she has attempted to protect her interest and to protect the right of TCSA to subrogation by specifically providing in the settlement agreement between plaintiff and CEMC "that this settlement is not a compromise of the claim of the workers' compensation carrier ... [and] is not meant to release the releasee herein from any potential claim ... by the workers' compensation carrier for my husband's employer."

In support of her contentions, plaintiff relies on *St. Paul Fire & Marine Ins. Co. v. Wood*, 242 Ark. 879, 416 S.W.2d 322 (1967), a case wherein the facts, while not on all fours with the facts here, are very closely related. The Arkansas Supreme Court, in affirming the trial court's refusal to impose a lien upon the settlement proceeds the plaintiff had received from the third party, stated in part as follows:

> It is the policy of the law to encourage compromise settlements. If we should accept appellant's construction of the statute, we would be discouraging them in many instances....
>
> ....
>
> Therefore the most reasonable and practicable construction of subsections (a) and (b) of § 40 is that the mandatory provisions thereof control where the action is prosecuted to judgment and that subsection (c) is controlling where there is any type of termination prior to the rendition of a judgment against the third party.
>
> ....
>
> It is observed that Wood, as an employee, is not obligated under § 40 to further pursue the present action. Nothing therein prevents him from taking a voluntary non-suit, nor would such action on his part affect his right to continue to receive compensation benefits.

In conclusion, we hold that St. Paul, as the compensation carrier, has no lien upon the proceeds of the compromise settlement here negotiated. Under the terms of the proposed compromise, St. Paul has all of the right of subrogation against First Electric that was given to it by law and that it would have had if Wood had taken no action whatsoever. It follows that the trial court properly approved the proposed settlement between Wood and First Electric upon the terms and conditions therein set out.

242 Ark. at 889, 416 S.W.2d at 328.

We have examined § 40 of Arkansas' "Workmans' Compensation Act" and are of the opinion that there are marked differences between § 40 of the Arkansas Act and Tenn.Code Ann. § 50–6–112(c).

However, even if § 40 of the Arkansas act and Tenn.Code Ann. § 50–6–112(c) were identical, it is incumbent upon the courts of Tennessee to interprete the Tennessee statutes. In doing so, we may look to cases from other jurisdictions. When we look to cases in other jurisdictions, we always find them instructive, sometimes persuasive, but never binding. Here, *St. Paul Fire and Marine Ins. Co. v. Wood* is instructive, but we find it unpersuasive. We must interprete Tenn.Code Ann. § 50–6–112 as it is written and as the Tennessee legislature intended.

Tennessee Code Annotated § 50–6–112(c) in pertinent part provides that if the worker or his representative recovers from a third person "by a judgment, *settlement,* or otherwise, ... the employer shall have a subrogation lien therefor against such recovery." (emphasis added). The plain language of Tenn.Code Ann. § 50–6–112(c) gives the employer a subrogation lien upon the proceeds of any settlement between the employee or his representative and a third party. Nothing in § 50–6–112, or elsewhere in the Workers' Compensation Act, allows an employee to circumvent the employer's statutory subrogation lien by entering into a settlement with a third party even though the employer's rights to sue the third party had been preserved.

To interpret Tenn.Code Ann. § 50–6–112(c) as the plaintiff would have us do would be to diminish the employer's subrogation rights granted under the statute.

Justice Fones, writing for the Court in *Aetna Casualty & Surety Co. v. Gilreath*, 625 S.W.2d 269, 272 (Tenn.1981), quoted

from Larson's *Workmen's Compensation Law,* and commented as follows:

> The theory of third party actions and employers subrogation in compensation law has been succinctly stated by Professor Larson as follows:
>
> ....
>
> > It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and the employee would be a windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone. Larson's Workmen's Compensation Law, §§ 71.-10–71.20 (1976).
>
> Workers' compensation subrogation statutes cover a broad spectrum of procedural variations. Professor Larson groups the states into five general categories. Larson, Workmen's Compensation Law, Volume 2A, § 74.00 *et seq.* Tennessee is included in the largest group of twenty-two states, that have adopted the employee priority type of statute. Alabama, Florida, Illinois, New York and New Jersey are among the states that have subrogation statutes granting the employee the first right to bring a third party action, but upon the worker's failure to do so within a prescribed period, transfers the cause of action to the employer. Larson, § 74.14.
>
> Professor Larson also notes that logic dictates that the employee should have first priority, because after all it is his or her injury and cause of action, and that where the worker exercises his or her common-law rights "there is a minimum of dislocation of regular procedures by the compensation act." Larson, § 74.16.
>
> The classic example of subrogation that courts of equity enforce, in the absence of statute or contract, is that where a party, not primarily liable, pays a legal obligation under legal compulsion, or its equivalent, that party is "substituted" to all of the creditors or claimants rights against the person primarily liable. See Gibson's Suits in Chancery, 5th edition § 1010. The employer, paying workers' compensation under the compulsion of the compensation law fits exactly into that classic mold and the legislature has expressly affirmed the employer's subrogation right in T.C.A. § 50–914. In addition to the fact that subrogation is an equitable doctrine, T.C.A. § 50–918 expressly provides that the workers' compensation statutes " 'shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained.' "
>
> In addition to granting the employer a lien on the proceeds of a third party recovery, some states impose various consequences upon an employee, in the event of settlement without the consent of the employer. See Larson, § 74.17. The Tennessee statute does not require the employee to obtain the ratification of the employer before making a settlement, but it clearly obligates the employee to repay the employer all compensation advanced and to credit any future compensation due, up to the full amount of the proceeds of any settlement.

*Id.,* 625 S.W.2d at 272–273.

In *Beam v. Maryland Casualty Co.,* 477 S.W.2d 510 (Tenn.1972), the court announced the legislative intent in regard to reimbursement to the employer or the employer's workers' compensation carrier as follows:

> The legislative intent is to reimburse an employer for payments made under a Workmen's Compensation award from "the net recovery" obtained by the em-

ployee or *those to whom his right of action survives,* to the extent of the employer's total obligation under the Compensation Act.

Any other construction placed upon T.C.A. § 50–914 would require us to disregard the legislative intent; and this we will not do.

*Id.* at 513 (emphasis in original).

The employer is entitled to subrogation for the workers' compensation paid to an employee or his representative until the employer has been fully or partially paid and discharged.

The judgment of the trial court is affirmed with costs assessed to the plaintiff and the cause remanded to the trial court for the collection of costs and any further necessary proceedings.

CANTRELL and KOCH, JJ., concur.