IN THE COURT OF APPEALS OF TENNESSEE

# FILED

**November 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

AT KNOXVILLE

| | |
|---|---|
| WILLIE D. HUNLEY, JR., and wife ) | C/A NO. 03A01-9902-CV-00049 |
| BRENDA K. HUNLEY and ) | |
| VELVAC, INC., ) | |
| ) | |
| Plaintiffs-Appellants, ) | |
| ) | |
| ) | |
| ) | APPEAL AS OF RIGHT FROM THE |
| v. ) | KNOX COUNTY CIRCUIT COURT |
| ) | |
| ) | |
| ) | |
| ) | |
| SILVER FURNITURE MANUFACTURING ) | |
| CO. and TAB SERVICE CORPORATION, ) | |
| ) | HONORABLE HAROLD WIMBERLY, |
| Defendants-Appellees. ) | JUDGE |

## DISSENTING  OPINION

I dissent from the majority's holding that the workers' compensation carrier for Mr. Hunley's employer is subrogated, without further inquiry, to the proceeds of Mrs. Hunley's settlement of her loss of consortium claim that arose out of the work-related injuries sustained by her husband.

I start by observing that the compensation carrier's subrogation rights under the relevant statute only extend to

two types of recovery:  a "recovery against [a third-party tortfeasor] [1] by the worker, or [2] by those to whom such worker's right of action survives...."  *See* T.C.A. § 50-6-112(c)(1)(1991).  I will examine these two types of recovery in the order stated.

In my opinion, it goes without saying that Mrs. Hunley's recovery by way of settlement of her loss of consortium claim is not a "recovery...by the worker [*i.e.*, Mr. Hunley]"; rather, and obviously, it is a recovery by Mrs. Hunley.  I recognize that Mrs. Hunley's claim is a derivative one in the sense that her husband's "injuries or incapacities...give rise to and establish [her] claim," *see* *Jackson v. Miller*, 776 S.W.2d 115, 117 (Tenn.Ct.App. 1989) (Anderson, J.); but this does not change the basic fact that Mrs. Hunley's claim for loss of consortium "is a cause of action separate from" her husband's cause of action.  *Id*.  In my judgment, Mrs. Hunley's claim for loss of consortium clearly does not fall within the "recovery...by the worker" language of T.C.A. § 50-6-112(c)(1).

To buttress its holding in the instant case, the majority cites and relies upon the unreported opinion of this Court in the case of *Sexton v. Tri-Cities Insulation, Inc.*, C/A No. 94, 1987 WL 7720 (Tenn.Ct.App., filed March 10, 1987). I agree that *Sexton* holds that "an amount allocated to the wife for loss of consortium [is not] outside the employer's subrogation rights[.]"  *Id*., 1987 WL 7720 at **1.  In my judgment, *Sexton* is no longer — if it ever was — good law.  As Judge Goddard pointed out in his separate concurring opinion in *Sexton*, there were, at that time, "no cases supportive of the conclusion reached" in the majority opinion in *Sexton*.  My current research has not discovered any authority other than

*Sexton*.   It should also be noted that *Sexton* relied upon the case of *Beam v. Maryland Casualty Co.*, 477 S.W.2d 510 (Tenn. 1972), a Supreme Court case holding that the employer's subrogation rights under T.C.A. § 50-

914 (now T.C.A. § 50-6-112) extend to that portion of a settlement of a wrongful death claim that inures to the benefit of the children of the deceased employee. I believe that the holding in **Beam** was impliedly altered by the Supreme Court's decision in the recent case of **Jordan v. Baptist Three Rivers Hosp**., 984 S.W.2d 593 (Tenn. 1999).

When **Beam** was decided, the Tennessee wrongful death statutory provisions had basically been construed, for nearly a century, as a *survival* type of wrongful death scheme. **Jones v. Black**, 539 S.W.2d 123, 124-25 (Tenn. 1976). This being the case, it was logical for the Supreme Court in **Beam** to hold that the entire settlement of the wrongful death claim in that case was subject to the employer's subrogation rights. If the wrongful death claim is authorized under "survival" legislation, then it is clear that a wrongful death recovery is, in the language of the subrogation statute, a "recovery...by those to whom such worker's right of action survives."

I believe that **Jordan** necessarily changes the ruling in **Beam** because **Jordan** clearly holds that the Tennessee wrongful death statutory scheme, in addition to authorizing a survival action, "creates a cause of action that compensates survivors *for their losses*." **Jordan**, 984 S.W.2d at 598. (Emphasis added). Interestingly enough, **Jordan** holds that the damages suffered by the decedent's next-of-kin, as differentiated from the deceased's cause of action which

survives the latter's death, include *loss of consortium*.  I

conclude from this that if the Supreme Court were presented

today with the facts in **Beam,** it would hold that the

non-economic loss of consortium action by the widow and

children in their own right, as opposed to the damages in the survival action, does not fall within the survival language of the subrogation statute.[1]

Since I believe the holding in *Jordan* "trumps" the holding in *Beam*, and since *Sexton* relied extensively on *Beam*, I do not feel bound by *Sexton*.  As I have previously indicated, I am not aware of any Supreme Court authority holding that a compensation carrier's subrogation rights extend to a loss of consortium claim of an injured employee's spouse.

In *Jordan*, the Supreme Court noted that loss of consortium

> consists of several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the continued existence of other family members.  Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations.

*Id.* at 602.  As can be seen, these losses, being non-economic in nature, are totally unrelated to the wage-based compensation entitlement involved in the workers' compensation statutory scheme.  There is no "diminish[ing] [of] the employer's subrogation rights granted under [T.C.A. § 50-6-112(c)(1)]," *see Heggie v. Cumberland Electric Membership Corp.*, 790 S.W.2d 284, 286-87 (Tenn.Ct.App. 1990), by a ruling that prevents the compensation carrier from reaching these *non-economic* damages.  This, coupled with the plain language

of the statute, convinces

me that a recovery of consortium damages does not fall within the statutory language, "recovery...by the worker."

It is clear that the second type of recovery described in the subrogation statute — "recovery...by those to whom such worker's right of action survives" — has absolutely no bearing on the decision in this case. As I have previously noted, the claim of a spouse of an injured worker for loss of consortium is not "the worker's right of action." In addition, and more importantly, the concept of "surviv[al]" in the language under discussion is obviously not relevant to a worker, such as Mr. Hunley, whose injuries did not result in death.

I would hold that neither of the two types of recovery described in the subrogation statute are present in this case.

My dissent is made with one caveat. While I would reverse the judgment of the trial court holding that the compensation carrier has an *absolute* right to pursue its subrogation rights as to Mrs. Hunley's settlement, I would remand for a hearing by the court below to determine if the allocation of $200,000 to settle Mrs. Hunley's claim is a reasonable allocation of the total settlement of $400,000. Since a tortfeasor and its liability insurance carrier typically do not care how multiple plaintiffs divide up a total settlement as long as all of the claims are released, I do not believe that the willingness of a defendant or his carrier to pay a certain amount in settlement of a claim is

*prima facie* evidence of its reasonableness.  Therefore, it seems to me that a compensation carrier should have the right to question whether an allocation of a part of a total settlement to the consortium claim is reasonably related to the parties' respective injuries and losses or is just a sham to partially avoid the carrier's subrogation rights with respect to the injured employee's third-party claim.

The sum and substance of my dissent can be reduced to this finding:  I believe the language of T.C.A. § 50-6-112(c)(1), given its ordinary and usual meaning and construed so as to avoid an unreasonable result, does not extend the statutory subrogation rights of the compensation carrier to the reasonable settlement value of Mrs. Hunley's separate claim for loss of consortium.

_____
Charles D. Susano, Jr., J.