ALBERT REECE, Plaintiff in Error, *v.* COLONEL YORK, Defendant in Error.

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

BAKER & BAKER, of Huntsville, for plaintiff.

REAGAN, NEAL & CRAVEN, of Jamestown, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a Workmen's Compensation case in which there is no question about the amount of the award to the injured employee. There was a recovery of $5,000 by the injured employee against a third party tort feasor which by statutory subrogation, Code, Sec. 6865, as modified by the Act of 1949, was credited to the employer against his liability to the employee. The Chancellor, after allowing this and other proper credits to be mentioned hereinafter, rendered a judgment for the balance of $2,793.10 to be paid in weekly installments beginning as of the date of entry of his decree. The insistence of the

appellant is that this was error and that the employer should not be required to begin making the installment payments on the balance until after the net credit received from the third party tort feasor recovery has been consumed or equaled by the total amount of the weekly installment payments made from August 4, 1953, the date of the injury.

To be more specific, the Chancellor found that the petitioner was rendered permanently and totally disabled by reason of the accident and that the employer has paid hospital and medical expenses in the amount of $785.50 on behalf of the employee; that the employee is entitled to recover under Code, Sec. 6878(d) $18.20 a week for a period of 400 weeks and $12 a week for an additional period of 150 weeks, the total amount not to exceed $8,-500. This amount, of course, does exceed $8,500. He then decreed that the $785.50 medical and hospital payments would be deducted from the $5,000 recovered from the third party, leaving a balance of $4,214.50 to be credited to the employer against the total award of $8,500, which left a balance of $4,285.50. He then decreed that this balance would be paid at the rate of $18.20 a week for 235 weeks and one more week in the amount of $8.50. That said weekly payments will begin as of November 12, 1953, being the date to which the defendant paid compensation following the date of the accident. There has accrued 82 weeks compensation from November 11, 1953, to and including the 8th day of June 1955, at the rate of $18.20 a week, amounting to $1,492.40, leaving a balance of $2,793.10 to be paid at said rate of $18.20 a week for 153 weeks and for one week thereafter the sum of $8.50, for which execution was awarded.

It is the insistence of the employer that it is under no obligation to commence the payment of periodic install-

ments until the lapse of a sufficient number of weeks, beginning with the date of the injury, to make the total number of weekly installments due equal to the balance of $4,285.50, the net amount of the credit from the $5,-000 recovery from the third party, to which the employer was subrogated.

In support of the above insistence it is insisted that in the absence of a settlement commuted to a lump sum, as contemplated by Code Sec. 6890, or the deposit of the present value of future installments in trust, as contemplated by Section 6893 of Williams Tennessee Code, that liability accrues under the sense of Code Sec. 6878(d) at weekly intervals or at the same intervals when the wage was payable as nearly as may be; that otherwise the employee is receiving double benefits and that for practical purposes the major portion of the ultimate award has been commuted to a lump sum payment in effect without the consent of the employer, and that furthermore, the employer is deprived of the benefit of Code Sec. 6892(b) which provides that any time after six months either party may make application to the Court for a modification of the award on the ground of an increase or decrease of incapacity due solely to the injury.

On the other hand it is submitted in behalf of the employee that to offer the payments of the weekly installments, as contended for by the employer, might deprive the employer of a right to bring a suit by reason of the statute of limitations provided by Code Sec. 6865, which provides that the employee has one year from the date of the injury in which to bring his action against a third party to which the employer is automatically subrogated to the extent of any recovery and that if the employee fails to bring an action within that time, the employer is given 6 months thereafter to bring suit either in his

own name or in the name of the employee against such third party, and thereafter receive subrogation.

The employee relies upon the case of *Millican* v. *Home Stores,* 197 Tenn. 93, 270 S. W. (2d) 372. It is true that the Chancellor there decreed as contended for by the employee in this case, but the question was in no way involved on appeal to this Court and is, therefore, no authority whatever on this point.

■ Counsel have not been able to find any authority on the point nor have we. We are not able to follow the argument made in behalf of the employee. In the instant case no question of the statute of limitations can possibly arise for the reason that the employee has already recovered and received the amount of the award against the third party. If on the other hand—the employee in any other case should fail to take action within the year, the employer by the very terms of the statute would have a right to bring the action in his own name or in that of the employee. We, therefore, see no merit in this argument.

■■ We think the argument in behalf of the employer is meritorious. The general purpose running through the Workmen's Compensation Act is to make the award to the injured employee payable in weekly installments or in similitude as nearly as may be to the manner in which he is accustomed to receiving his wages, the exception being where the Court approves the settlement by payment of a lump sum under Code Sec. 6890. And, of course, it is obvious that the longer these periodical payments continue the better it is for the employee. Therefore, when the credit from the recovery received from the third party amounts to substantially more than the total amount of periodic payments that would be due up to that time, it results (1) into the payment of double

benefits, and (2) into a shortening of the duration of the total number of installment payments.

We are, therefore, of opinion that the Chancellor was in error and that he should have ordered the installment payments to be deferred and not commence until the sum total of the net credits of weekly installments that would have accrued from the date of the injury would be equal to the net credit of $4,214.50.

The cause is remanded to the Chancery Court for the enforcement of this decree.