# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 16, 2012 Session

## JOSHUA COOPER ET AL. v. LOGISTICS INSIGHT CORP. ET AL.

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Rutherford County**
No. 08-0105-CV      Robert E. Corlew III, Chancellor

---

**No. M2010-01262-SC-R11-CV - Filed January 16, 2013**

---

An employee was injured at work as a result of the actions of a third-party tortfeasor. The employee suffered permanent injuries that required future medical care. The injured employee filed a claim for workers' compensation benefits and filed a lawsuit against the third-party tortfeasor. The employer intervened in the lawsuit pursuant to Tennessee Code Annotated section 50-6-112 (2008) to protect its subrogation lien against any recovery from the third-party tortfeasor. The employee settled the lawsuit with the third-party tortfeasor and voluntarily dismissed the case. The employer requested that the case be set for trial, claiming that it was entitled to a lien against the settlement proceeds for the cost of future medical benefits that may be paid on behalf of the injured employee. We hold that the employer's subrogation lien provided by Tennessee Code Annotated section 50-6-112 does not include the cost of future medical benefits that may be provided to an injured employee.

### Tenn. R. App. P. 11 Appeal by Permission;
### Judgment of the Trial Court Affirmed; Case Remanded

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK and SHARON G. LEE, JJ., joined. WILLIAM C. KOCH, JR., J., filed a dissenting opinion.

Scott Carey and Mark Baugh, Nashville, Tennessee, for the appellants, ProLogistics, Inc., Logistics Insight Corp., and Joe Murray.

Daniel C. Todd, Nashville, Tennessee, for the appellees, MasterStaff, Inc. and Discover RE.

**OPINION**

## I. Facts and Procedural History

MasterStaff, Inc. ("MasterStaff") is an employee-contracting company. MasterStaff employed Joshua Cooper and assigned him to work as a towmotor operator for ProLogistics, Inc. ("ProLogistics"). On January 14, 2008, Mr. Cooper was engaged in moving pallets of goods from trailers parked at a loading dock into the ProLogistics warehouse. As Mr. Cooper backed the towmotor out of a trailer, Joe Murray, an employee of ProLogistics, drove the truck and trailer away from the loading dock. The towmotor fell out of the trailer, and Mr. Cooper sustained "significant, permanent injuries" to his back and spine.

Mr. Cooper asserted a claim for workers' compensation benefits against MasterStaff. As a result, MasterStaff began to pay temporary disability benefits to Mr. Cooper and paid Mr. Cooper's medical expenses.

Mr. Cooper and his wife also filed a claim on January 22, 2008, against Mr. Murray, ProLogistics, and Logistics Insight Corporation[1] in the Chancery Court for Rutherford County. The complaint alleged negligence on the part of the defendants and sought damages of $1,000,000 for Mr. Cooper's injuries and Mrs. Cooper's loss of consortium.

MasterStaff intervened in the Coopers' negligence action, asserting a statutory subrogation lien for workers' compensation benefits that had been paid and may be paid in the future against any recovery by the Coopers from the defendants in the chancery court action. See Tenn. Code Ann. § 50-6-112(c)(1) (2008). MasterStaff also asserted a "common law and equitable right of subrogation" in any recovery Mr. Cooper obtained from the third-party defendants.

On July 10, 2009, MasterStaff filed an itemized list of medical expenses in the amount of $44,698.62 that it had incurred on Mr. Cooper's behalf. In January 2010, the Coopers settled their claims against the defendants in the chancery court action and voluntarily dismissed their claims against those defendants with prejudice.

In February 2010, MasterStaff filed a motion to set the case for trial. MasterStaff asserted that it had no notice of the settlement and that the settlement did not dispose of all of the claims between the parties because the issue regarding the amount of Mr. Cooper's

---

[1] The complaint also named as defendants the owners of the trailer that Mr. Murray removed from the loading dock. The Coopers voluntarily dismissed these defendants.

future medical expenses was still outstanding. The trial court set the case for trial on June 7, 2010.

The defendants in the chancery court action filed a motion to dismiss for failure to state a claim. See Tenn. R. Civ. P. 12.02(6). The defendants asserted that they should be dismissed from the case because the Coopers were required to reimburse MasterStaff from the settlement proceeds.[2] The trial court concluded that the order of voluntary dismissal "resolved all claims against the defendants" and granted the motion to dismiss.

MasterStaff appealed. The Court of Appeals held that future medical expenses are not too speculative as a matter of law to be included in an employer's lien against the proceeds of a suit against a third-party tortfeasor and remanded the case to the trial court. Cooper v. Logistics Insight Corp., No. M2010-01262-COA-R3-CV, 2011 WL 1874577, at *4, *5 (Tenn. Ct. App. May 16, 2011); see Tenn. Code Ann. § 50-6-112(c)(2). The Court of Appeals also held that the Coopers' dismissal of the suit against the defendants in the chancery court action did not serve as an assignment of their negligence claims to MasterStaff pursuant to Tennessee Code Annotated section 50-6-112(d)(2). Cooper, 2011 WL 1874577, at *5. We granted permission to appeal.

## II. Analysis

As an initial question, ProLogistics asks whether an injured employee and a third-party defendant are required to obtain the approval of an employer to settle a case when the employer has a subrogation lien pursuant to Tennessee Code Annotated section 50-6-112. We previously have held that the Workers' Compensation Law does not require an employee to obtain an employer's agreement before settling with the third-party tortfeasor. Hunley v. Silver Furniture Mfg. Co., 38 S.W.3d 555, 558 (Tenn. 2001). We reiterate, however, that an injured worker, the injured worker's spouse, or a third-party tortfeasor may seek court approval of any settlement "to ensure that the allocation of settlement proceeds between the worker and the worker's spouse is fair and reasonable."[3] Hunley, 38 S.W.3d at 559. An employer is entitled to reasonable notice of the action in which court approval is sought. Hunley, 38 S.W.3d at 559. Although the better practice would have been for the Coopers to

_____

[2] Statements made by counsel reflect that the Coopers have reimbursed MasterStaff for medical expenses in the amount $44,698.62 incurred on behalf of Mr. Cooper.

[3] The record does not reflect the terms of the settlement between the Coopers and ProLogistics. Counsel for ProLogistics, however, informed the trial court that Mr. Cooper had been paid $190,000. The record is not clear whether this settlement included Mrs. Cooper's claim for loss of consortium.

obtain court approval of their settlement with the defendants in the chancery court action, the Workers' Compensation Law did not require them to do so.

The principal issue in this case is whether Tennessee Code Annotated section 50-6-112 grants an employer a subrogation lien for the cost of future medical expenses against the proceeds of an employee's lawsuit against a third-party tortfeasor. The interpretation of the Workers' Compensation Law presents a question of law, which we review de novo. Gerdau Ameristeel, Inc. v. Ratliff, 368 S.W.3d 503, 506 (Tenn. 2012).

To construe the current statute relating to an employer's subrogation lien against an employee's recovery from a third party, it is helpful to review the evolution of the Workers' Compensation Law in Tennessee. In 1950, an injured employee was entitled to medical benefits paid by his employer for a period not to exceed six months after the injury. Tenn. Code § 6875 (1950). Liability for medical benefits could not exceed $800, and the total liability for workers' compensation benefits could not exceed $7500. Tenn. Code §§ 6875, 6878(e) (1950).

The Workers' Compensation Law has been amended numerous times to increase the time period for which the employer is responsible for the employee's medical care and to increase the total amount of medical benefits an employee may receive:

- In 1953, to require the employer to provide medical benefits in an amount not to exceed $1500. Act of Apr. 3, 1953, ch. 111, § 1, 1953 Tenn. Pub. Acts 402, 402-03.

- In 1957, to increase the duration of medical benefits from six months to one year. Act of Mar. 13, 1957, ch. 234, § 1, 1957 Tenn. Pub. Acts 733, 734.

- In 1959, to require the employer to provide medical benefits in an amount not to exceed $1800. Act of Mar. 11, 1959, ch. 172, § 1, 1959 Tenn. Pub. Acts 530, 530.

- In 1963, to require the employer to provide medical benefits in an amount not to exceed $1800 plus an additional $700 for "unusual medical expenses." Act of Mar. 22, 1963, ch. 362, § 3, 1963 Tenn. Pub. Acts 1282, 1283-84.

- In 1967, to require an employer to provide up to two years of medical benefits in an amount not to exceed $3500. Act of May 24, 1967, ch. 313, § 3, 1967 Tenn. Pub. Acts 815, 816-17.

- In 1971, to remove the limitation on an employer's total liability for workers' compensation benefits and to require notice to the Tennessee Department of Labor

when such amounts exceed $5000. Act of May 4, 1971, ch. 134, § 3, 1971 Tenn. Pub. Acts 290, 291-92.

• In 1973, to require the employer to pay medical benefits for a maximum of three years. Act of May 3, 1973, ch. 379, § 4, 1973 Tenn. Pub. Acts 1368, 1369.

In 1977, the General Assembly removed the limitation on the duration of medical benefits, thereby opening the door to future medical benefits to the employee that were unlimited in both duration and amount. See Act of May 19, 1977, ch. 417, § 1, 1977 Tenn. Pub. Acts 1039, 1040.

The statute governing suits against third-party tortfeasors also has undergone changes. The Workers' Compensation Law originally provided that an injured employee must elect to pursue a remedy against either the employer or the third party responsible for his injury. Millican v. Home Stores, Inc., 270 S.W.2d 372, 373 (Tenn. 1954) (citing Tenn. Code § 6865 (1932)). The General Assembly amended the applicable statute in 1949 to permit an employee to recover benefits from an employer and also to pursue an action against the third party responsible for his injury. Millican, 270 S.W.2d at 373 (citing Act of Apr. 14, 1949, ch. 227 § 1, 1949 Tenn. Pub. Acts 897, 897-98). Notably, the amended statute provided that an employer would be "subrogated to the extent of the amount paid or payable under this chapter." Millican, 270 S.W.2d at 373 (quoting Tenn. Code § 6865). This Court construed the statute to provide a credit against workers' compensation benefits owed to the employee. Millican, 270 S.W.2d at 374. In Millican, future medical benefits were not at issue because the injured worker died as a result of his injuries. Millican, 270 S.W.2d at 372.

In Reece v. York, 288 S.W.2d 448 (Tenn. 1956), this Court addressed the application of the credit to which an employer is entitled. At the time of the injury in Reece, an injured employee was entitled to a maximum of $8500 in weekly workers' compensation benefits and medical benefits not to exceed $1500. See Williams Code §§ 6875, 6878(e) (Supp. 1953). In Reece, the employee received $5000 from a third-party tortfeasor. 288 S.W.2d at 449. The employee was awarded weekly workers' compensation benefits in the total amount of $8500. Reece, 288 S.W.2d at 449.

This Court agreed that the employee was required to reimburse the employer for medical and hospital expenses paid by the employer in the amount of $785.50, leaving a balance of $4,214.50. Reece, 288 S.W.2d at 450. We held, however, that the weekly workers' compensation payments from the employer would be deferred. Reece, 288 S.W.2d at 450. The weekly benefits would commence when the weekly installments that would have accrued from the date of the injury equaled the net credit to the employer of $4,214.50. Reece, 288 S.W.2d at 449-50. We reasoned that it was more beneficial for the employee to

receive periodic payments of workers' compensation benefits for an extended period as if the employee were receiving his wages. See Reece, 288 S.W.2d at 450. If the employee were to receive those payments at the same time he receives the lump-sum recovery from the third-party tortfeasor, he would in effect receive "double benefits." Reece, 288 S.W.2d at 450. In addition, the duration of the periodic payments would be shortened. Reece, 288 S.W.2d at 450. Future medical benefits were not at issue in Reece.

In 1963, our General Assembly amended the Workers' Compensation Law to provide that if the employee's recovery in a suit against a third party

> exceeds the amount paid by the employer, and the employer has not, at [that] time, paid and discharged his full maximum liability for [workers'] compensation . . . , the employer shall be entitled to a credit on his future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

Tenn. Code Ann. § 50-914 (Supp. 1963). In 1963, the employer was required to provide medical benefits for a maximum of one year, and the medical benefits provided could not exceed $1800 plus $700 for "unusual medical expenses." Tenn. Code Ann. § 50-1004 (Supp. 1963). In effect, this statute codified the Reece decision, permitting an employee to recover future periodic payments of workers' compensation benefits and allowing the employer to be reimbursed for the maximum statutory benefit to which the employee was entitled.

The 1963 amendment to the statute granting the employer a subrogation lien against the employee's recovery in an action against a third party is presently codified as Tennessee Code Annotated section 50-6-112 and remains identical to the previous statute, with the exception of stylistic changes and an amendment relating to the statute of limitation.[4] The

---

[4] Tennessee Code Annotated section 50-6-112 provides, in pertinent part,

(a) When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, or the injured worker's dependents, shall have the right to take compensation under this chapter, and the injured worker, or those to whom the injured worker's right of action survives at law, may pursue the injured worker's or their remedy by proper action in a court of competent jurisdiction against the other person.

. . . .

(c)(1) In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement or otherwise, and the

(continued...)

phrase,"and the employer has not . . . paid and discharged his full maximum liability for [workers'] compensation," may therefore be understood in the context of Reece, in which the issue was the timing of the payment of periodic workers' compensation payments following the employee's receipt of a lump-sum settlement from a third-party tortfeasor.

It is unlikely that future medical benefits were considered, particularly in light of the limitation on the recovery of medical benefits both at the time of the Reece decision and in 1963. The Reece Court recognized that the decision did not address the lump-sum payment of workers' compensation benefits, which was then an "exception" to the typical workers' compensation award of periodic payments in a manner similar to the manner in which the employee had received his wages. 288 S.W.2d at 450. It is logical to conclude that the phrase, "and the employer has not . . . paid and discharged his full maximum liability for [workers'] compensation," did not include unlimited future medical benefits as we know them today because unlimited future medical benefits were not available to an employee at the time of the Reece decision.

It is in the context of the removal of the limits on the amount and duration of future medical benefits available to employees that we reexamine the employer's subrogation lien. This Court has twice addressed the employer's subrogation lien for future medical benefits available to an injured employee. See Hickman v. Cont'l Baking Co., 143 S.W.3d 72 (Tenn. 2004); Graves v. Cocke Cnty., 24 S.W.3d 285 (Tenn. 2000). In both of these cases, we held that the "credit on the employer's future liability" does not include future medical expenses. Hickman, 143 S.W.3d at 78; Graves, 24 S.W.3d at 288. We reasoned that if an employer

---

[4] (...continued)

employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

(2) In the event the net recovery by the worker, or by those to whom the worker's right of action survives, exceeds the amount paid by the employer, and the employer has not, at the time, paid and discharged the employer's full maximum liability for workers' compensation under this chapter, the employer shall be entitled to a credit on the employer's future liability, as it accrues, to the extent the net recovery collected exceeds the amount paid by the employer.

(3) In the event the worker, or those to whom the worker's right of action survives, effects a recovery, and collection of that recovery, from the other person, by judgment, settlement or otherwise, without intervention by the employer, the employer shall nevertheless be entitled to a credit on the employer's future liability for workers' compensation, as it accrues under this chapter, to the extent of the net recovery.

held a lien for future medical expenses on the proceeds of the settlement, the proceeds would be held hostage for an indefinite period to reimburse the employer when the employee sought medical benefits in the future. Hickman, 143 S.W.3d at 78; see Graves, 24 S.W.3d at 288. If the employer held a lien for the cost of future medical benefits against an employee's recovery from a third party, the employee would be unable to benefit from the proceeds of the recovery.

The Graves and Hickman decisions are not in conflict with the decision of this Court in Reece. At issue in Reece was the timing of the commencement of the weekly workers' compensation benefit to the employee when the employer was entitled to a credit for the full amount of the employee's settlement with a third party. The General Assembly's apparent acceptance of the procedure adopted in Reece for providing a credit against future periodic payments, now codified as Tennessee Code Annotated section 50-6-112, did not encompass an award of unlimited future medical benefits.

The sound principle of stare decisis requires us to uphold our prior precedents to promote consistency in the law and to promote confidence in this Court's decisions. Carroll v. Whitney, 29 S.W.3d 14, 25 (Tenn. 2000) (Anderson, C.J., dissenting). This Court will overturn a settled rule of law only when there is an error in the precedent, when the precedent is obsolete, when adhering to the precedent would cause greater harm to the community than disregarding stare decisis, or when the prior precedent conflicts with a constitutional provision. In re Estate of McFarland, 167 S.W.3d 299, 306 (Tenn. 2005). Reversing our prior decisions in Graves and Hickman does not accomplish any of these purposes.

The application of Tennessee Code Annotated section 50-6-112 was debated for several decades, and the Graves decision put an end to that debate. See John A. Day, Subrogation of Future Medical Payments, 36 Tenn. B.J. 33 (2000) ("For decades lawyers for claimants and worker's [sic] compensation insurers have debated on subrogation of future medical benefits. That debate is now over."). The law regarding subrogation of future medical benefits in workers' compensation cases has been settled for a dozen years, and the reasoning set forth in Graves and Hickman is still valid.

In addition, we have long adhered to the rule that when a prior decision has addressed the construction and operation of a statute, the principle of stare decisis will apply unless the General Assembly acts to change the statute. LaManna v. Univ. of Tenn., 462 S.W.2d 877, 881 (Tenn. 1971). The General Assembly has broad discretion to define the scope of claims and the procedure for recovering workers' compensation benefits. Gerdau Ameristeel, Inc., 368 S.W.3d at 506. It is fully within the power of the General Assembly to amend Tennessee Code Annotated section 50-6-112 to allow an employer's recovery of the cost of future medical benefits incurred by an employee and to delineate the manner in which such recovery

-8-

should occur.[5] We have ruled on the construction and operation of the statute, and it is the prerogative of the General Assembly to change it. See McKesson & Robbins, Inc. v. Gov't Emps. Dep't Store, Inc., 365 S.W.2d 890, 894 (Tenn. 1963) (stating that when the Court's construction of a statute has been "on the books" for twelve years, courts should follow the decision until the legislature acts). In the twelve years following the Graves decision, the General Assembly has not acted to amend the statute.

We see no compelling reason to reverse direction in the absence of legislative action. The dissent would have us usurp the prerogative of the General Assembly, reverse course on a settled issue of law, introduce uncertainty into the law, and undermine confidence in this Court's decisions. We are unwilling to do so.

We therefore reaffirm our holdings in Graves and Hickman. MasterStaff's subrogation lien against the proceeds of the settlement with the defendants in the chancery court action does not extend to the cost of future medical benefits to which Mr. Cooper may be entitled. MasterStaff therefore has failed to state a claim for which relief can be granted. See Tenn. R. Civ. P. 12.02(6).

Finally, the Court of Appeals also held that the record was insufficient to determine if MasterStaff had an equitable right of subrogation and remanded the case to the trial court for further consideration. Cooper, 2011 WL 1874577, at *5. The Workers' Compensation Law is entirely a creature of statute, and the rights and responsibilities of the parties are derived solely from the statutes. Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 884 (Tenn. 2005). The General Assembly has not provided an equitable right of subrogation in addition to the statutory subrogation lien set forth in Tennessee Code Annotated section 50-6-112. Cf. Castleman v. Ross Eng'g, Inc., 958 S.W.2d 720, 724 (Tenn. 1997) (declining to permit an injured employee to use principles of equitable subrogation to defeat the employer's statutory subrogation lien).

From the record before us, it appears that Mr. Cooper's workers' compensation claim remains unresolved. We therefore remand to the trial court for a determination of the amount of MasterStaff's subrogation lien and for proceedings consistent with this opinion.

---

[5] The legislatures of other jurisdictions have addressed the issue of future medical benefits owed to an employee. See, e.g., Fla. Stat. § 440.39 (2012) (providing for the amount of future benefits owed to an employee to be retained in a trust fund); see generally 6 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 117.01[5] (2009).

### III. Conclusion

We hold that the employer's lien against an employee's recovery from a third party provided by Tennessee Code Annotated section 50-6-112 does not extend to future medical benefits to be provided by the employer. We remand to the trial court for further proceedings. Costs of this appeal are taxed to MasterStaff, Inc., and its surety, for which execution may issue, if necessary.

_____
JANICE M. HOLDER, JUSTICE