IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2016 Session


**IN RE GABRIELLE R., ET AL.**


**Appeal from the Juvenile Court for Shelby County**
**No. Y1320     Dan H. Michael, Judge**

_____


**No. W2015-00388-COA-R3-JV – Filed March 17, 2016**
_____


J. Steven Stafford, P.J.,W.S., dissenting.

The majority holds that because a reconsideration of child support is necessarily "[i]ncident to" the reconfiguration of a parenting plan, the trial court's failure to rule on the child support modification action implicit in all successful modification of parenting time proceedings deprives this Court of jurisdiction to consider this appeal. Because I cannot accept that an agreed upon change in a parenting plan automatically necessitates an unrequested reconsideration of the parties' child support obligations, I must respectfully dissent.

As I previously expressed in my dissent in *Leonardo v. Leonardo*, No. M2014-00372-COA-R3-CV, 2015 WL 3852802 (Tenn. Ct. App. June 18, 2015) (Stafford, J., dissenting), *vacated in part* (Tenn. Nov. 24, 2015), I have grave concerns regarding whether, as the majority suggests, Tennessee law provides that a simple modification of parenting time automatically necessitates that the trial court revisit the issue of child support, when there has been no such request by either party. *Id.* at *10–11 (Stafford, J., dissenting) (disagreeing with the majority as to whether modification of child support was appropriate given that neither party requested such relief, and mother was denied the opportunity for discovery and to be heard in opposition to modification). Although the Tennessee Supreme Court vacated the child support order in *Leonardo* and remanded to the trial court to permit discovery and conduct a hearing to determine "the appropriateness of any modification of child support," the Court declined to specifically rule on the issue of whether a modification of parenting time proceeding is a triggering event for a modification of child support, notwithstanding that neither party requested such relief. *See Leonardo v. Leonardo*, No. M2014-00372-SC-R11-CV (Tenn. Nov. 24, 2015) (per curiam order).

I concede that other cases from this Court have suggested that a request to modify a parenting plan, unaccompanied by a request to modify child support, if granted, is sufficient notice that child support may be modified to take into account whether the change in the days allocated to each parent under the parenting schedule creates a significant variance in the amount of child support owed. *See Solima v. Solima*, No. M2014-01452-COA-R3-CV, 2015 WL 4594134, at *7 (Tenn. Ct. App. July 30, 2015) ("Father was on notice that child support would be modified if he were designated the primary residential parent or if the change in the days allocated to each parent under the parenting schedule created a significant variance in the amount of child support owed."); *Joiner v. Griffith*, No. M2004-02601-COA-R3-CV, 2006 WL 2135441, at *5 (Tenn. Ct. App. July 31, 2006) ("The modification of custody and significant change in the visitation schedule necessitate a modification of child support."). In still other cases, this Court has gone further to suggest that the trial court did not err in making a fresh determination of child support, including considering evidence of the parties' current incomes, when a residential schedule was modified but neither party expressly requested a change in child support. *See Schreur v. Garner*, No. M2010-00369-COA-R3CV, 2011 WL 2464180, at *6 (Tenn. Ct. App. June 20, 2011); *see also Leonardo*, 2015 WL 3852802, at *7–8 (majority Opinion) (affirming the trial court's decision to reconsider the parties' incomes in light of its decision to modify the parties' residential schedule), *vacated in part* (Tenn. Nov. 24, 2015).[1] In an even more recent case, this Court affirmed the modification of a parenting plan, but remanded the case back to the trial court for the entry of a new child support worksheet, even though the modification did not change the number of days each parent spent with the child and the trial court expressly stated that the prior child support order would remain in place. *Hawk v. Hawk*, No. E2015-01333-COA-R3-CV, 2016 WL ------ (Tenn. Ct. App. March 9, 20216) (implicitly holding that a final judgment existed despite the trial court's failure to enter a new parenting plan). The *Hawke* Court, however, did not expressly indicate as to whether the trial court was required to make a fresh determination of child support taking into account the parties' current incomes. Other than *Leonardo*, however, none of the above cases were appealed to the Tennessee Supreme Court.[2] Thus, the Tennessee Supreme Court has yet to directly address this issue and the unreported cases from this Court are merely persuasive authority. *See* Tenn. Sup. Ct. R. 4(G)(1) ("[U]npublished opinions . . . shall be considered persuasive authority."). Accordingly, neither I nor this Court is bound by the principles of stare decisis to follow their holdings. *See generally Cooper v. Logistics Insight Corp.*, 395 S.W.3d 632, 639 (Tenn. 2013) (explaining the "sound principle of stare decisis").

---

[1] I note that the majority Opinion in *Leonardo* was authored by Judge Kenny Armstrong and joined by Judge Arnold B. Goldin. *Leonardo*, 2015 WL 3852802, at *1. My esteemed colleagues make up the majority Opinion once again in this case and I again respectfully depart from their reasoning on this issue.

[2] Because of its recent filing, there is still time for the *Hawk* decision to be appealed to the Tennessee Supreme Court.

Here, Mother initially filed a request to set aside the parties' child support obligations and/or to modify child support in the trial court, contending that Father's income had substantially increased. Both the parties and the trial court treated Mother's child support modification request as separate and distinct from Father's modification of custody/parenting time request throughout the proceedings. After the purportedly agreed upon parenting plan was entered and Father's request to modify custody was dismissed, however, Mother voluntarily chose to dismiss her child support modification petition. Thus, at this juncture, there is no pending request by either party to modify the parties' child support obligations. Despite this fact, the majority concludes that the trial court was required to enter a new child support worksheet, presumably for the trial court to consider the parties' current incomes.[3] For the reasons stated more fully in my dissent in **Leonardo**, however, I cannot conclude that a modification of parenting time inevitably necessitates a fresh determination of the parties' incomes in order to implement a new parenting plan. *See **Leonardo***, 2015 WL 3852802, at *10–13 (Stafford, J., dissenting) (incorporated fully herein by reference). Instead, I must conclude that neither current Tennessee law nor fundamental due process permits this Court to "do constructively what neither party has chosen to do in actuality." **Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.**, No. W2015-00509-COA-R3-CV, 2016 WL 325499, at *9 n.10 (Tenn. Ct. App. Jan. 27, 2016). Based upon my concerns regarding the application of Tennessee law and fundamental due process, as more fully articulated in my dissent in **Leonardo**, I must respectfully dissent from the majority's conclusion that the trial court was required to reconsider the parties' respective child support obligations given that no such request for relief is pending at this time.

The end result of the majority's holding is that this Court is deprived of subject matter jurisdiction by the trial court's purported failure to adjudicate an issue not raised nor litigated by the parties. Because such a holding prevents this Court from reviewing the issues and claims actually raised by the parties, I find it illogical and not an effective use of judicial resources. In conclusion, I would hold that a final judgment exists in this case because the trial court, in one fashion or another, adjudicated both Father's request for a modification of custody/parenting time and Mother's request to modify the parties' child support

---

[3] The majority emphasizes the fact that no child support worksheet was attached to the parenting plan eventually adopted by the trial court. From my review, it appears that the parenting plan indicates that a child support determination and accompanying worksheet is "TBD." The reason for this notation appears clear in the record: at the time the parenting plan was entered, Mother's modification petition was still pending. Thus, at the time the adopted parenting plan was entered, both the trial court and the parties anticipated further proceedings on the issue of child support. When Mother dismissed her modification petition, however, it appears that the parties, quite reasonably, believed that the previously ordered child support worksheet would remain in place. Nothing cited by the majority or otherwise revealed from my research convinces me that the parties and the trial court were in error in relying on the previous order, regardless of the fact that it was not entered in the instant proceedings.

obligations.[4] Accordingly, I would proceed to consider the merits of the issues actually raised by the parties in this appeal.

                    _____

                    J. STEVEN STAFFORD, JUDGE

---

[4] As previously discussed, the claims raised by Father were adjudicated when the trial court entered the purportedly agreed upon parenting plan and dismissed Father's request to modify custody. Likewise, Mother's modification of child support request was adjudicated when the trial court dismissed her petition at Mother's request.