IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 10, 2016 Session

**CLARK D. FRAZIER v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Robertson County**
**No. 06-0350     John H. Gasaway III, Judge**

---

**No. M2014-02374-SC-R11-ECN – Filed July 7, 2016**

---

SHARON G. LEE, C.J., dissenting.

I respectfully disagree with the Court's decision. In my view, this Court should apply the doctrine of *stare decisis*, adhere to its previous reasoning in *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012), and hold that the *writ of error coram nobis* under Tennessee Code Annotated section 40-26-105 (2014) may be used in a collateral attack on a guilty plea.

The principle of *stare decisis*, that the Court should follow precedential decisions, is "a foundation stone of the rule of law." *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2409 (2015) (quoting *Michigan v. Bay Mills Indian Cmty.*, 134 S. Ct. 2024, 2036 (2014)) (internal quotation marks omitted); *Harris v. Quinn*, 134 S. Ct. 2618, 2651 (2014) (same). As the Court acknowledges, *stare decisis* is "not an inexorable command" but is the "preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tennessee*, 501 U.S. 808, 827-28 (1991). Upholding our prior precedent promotes consistency in the law and confidence in this Court's decisions. *Cooper v. Logistics Insight Corp.*, 395 S.W.3d 632, 639 (Tenn. 2013) (citing *Carroll v. Whitney*, 29 S.W.3d 14, 25 (Tenn. 2000) (Anderson, C.J., dissenting)). It does so by ensuring that decisions are "'founded in the law rather than in the proclivities of individuals.'" *Harris*, 134 S. Ct. at 2651 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 265 (1986)). Moreover, *stare decisis* gives "'firmness and stability to principles of law' so that people may know their legal rights." *Hooker v. Haslam*, 437 S.W.3d 409, 422 (Tenn. 2014) (quoting *J.T. Fargason Co. v. Ball*, 159 S.W. 221, 222 (Tenn. 1913)).

*Stare decisis* is an important policy, but there are times when settled rules of law should be overturned. *Id.* The Court's power to overrule its former decisions "'is very

sparingly exercised and only when the reason is compelling.'" *State v. McCormick*, __ S.W.3d __, No. M2013-02189-SC-R11-CD, 2016 WL 2742841, at *7 (Tenn. May 10, 2016) (quoting *Edingbourgh v. Sears, Roebuck & Co.*, 337 S.W.2d 13, 14 (Tenn. 1960)). We previously set out the circumstances when the Court may and should disregard *stare decisis*, overrule precedent, and overturn a settled rule of law: when there is obvious error or unreasonableness in the precedent; when a change in conditions makes the precedent obsolete; when adherence to precedent would likely cause greater harm to the community than would disregarding *stare decisis*; or, especially, when prior precedent conflicts with a constitutional provision. *Hooker*, 437 S.W.3d at 422; *Cooper*, 395 S.W.3d at 639; *In re Estate of McFarland*, 167 S.W.3d 299, 306 (Tenn. 2005). The Court should follow precedent unless "'an error has been committed, and [it] becomes plain and palpable.'" *McCormick,* 2016 WL 2742841, at *7 (quoting *Arnold v. City of Knoxville*, 90 S.W. 469, 470 (Tenn. 1905)). The Court may also revisit an earlier decision where experience with its application reveals that it is unworkable or badly reasoned. *Payne*, 501 U.S. at 827 (citing *Smith v. Allwright*, 321 U.S. 649, 665 (1944)).

Here, none of those compelling reasons are posed. Although the Court concludes that *Wlodarz* was wrongly decided, departure from precedent requires "over and above the belief 'that the precedent was wrongly decided.'" *Kimble*, 135 S. Ct. at 2409 (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2407 (2014)). It is not sufficient that this Court would decide a case differently now than it did previously. *See id. Stare decisis* carries enhanced force when a prior decision addresses the construction and operation of a statute. *Id*. The principle should apply unless the legislature corrects a misinterpretation of a statute by amending the statute. *Id.*; *Cooper*, 395 S.W.3d at 639 (citing *LaManna v. Univ. of Tenn.*, 462 S.W.2d 877, 881 (Tenn. 1971)).

In both *Wlodarz* and the present case, the Court recognizes the codification of the *writ of error coram nobis* by Tennessee Code Annotated section 40-26-105(b). The *Wlodarz* Court quoted the statutory language, which provides as follows:

> The relief obtainable by this proceeding shall be *confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case*, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, *a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment*, had it been presented at the trial.

*Wlodarz*, 361 S.W.3d at 498-99 (alteration in original) (quoting Tenn. Code Ann. § 40-26-105(b) (2006)). This Court found that the term "trial" and its intended use are not clear and unambiguous. *Id.* at 502. Despite the repeated references to "trial," Tennessee

2

Code Annotated section 40-25-105(b) neither defines nor articulates what proceedings constitute a trial as used in this context. *Id*. "It is well-established that the fundamental role of this Court in construing statutes is to ascertain and give effect to legislative intent." *State v. Mixon*, 983 S.W.2d 661, 669 (Tenn. 1999) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)). After a thorough consideration of the history and purposes for the *writ of error coram nobis*, this Court in *Wlodarz* construed "trial" broadly to encompass guilty pleas, given that they constitute the Court's examination and determination of the issues between the parties. *Wlodarz*, 361 S.W.3d at 500-04. Since the issuance of our *Wlodarz* decision in 2012, the General Assembly has taken no action to amend Tennessee Code Annotated section 40-26-105(b) or otherwise correct this Court's construction of the statute. In the absence of legislative action, there is no reason for this Court to reverse its previous finding that this statutory writ can be used to challenge a conviction based on a guilty plea. *Wlodarz*, 361 S.W.3d at 506.

Upon its reconsideration of Tennessee Code Annotated section 40-25-105(b) (2014), the Court regards the term "trial" clear and unambiguous and thus to be accorded its plain and ordinary meaning. Citing to the concurrence in *Wlodarz*, the Court defines "trial" narrowly as a contested and adversarial proceeding involving the submission of evidence to a fact-finder who assesses and weighs the proof in light of applicable law and reaches a verdict of guilt or acquittal. In contrast, it characterizes the guilty plea as an admission of guilt made in a proceeding that is neither contested nor adversarial. Under this reasoning, the Court concludes that a guilty plea does not constitute a "trial" susceptible to challenge by *writ of error coram nobis*. By doing so, the Court undermines the significance of the accused's waiver of fundamental constitutional rights through a guilty plea. Whether the fact-finder returns a verdict of guilty or the defendant enters a guilty plea, the result is the same: a judgment of conviction.

The limitation of *coram nobis* relief to convictions based on the decision of the fact-finder effectively deprives a defendant who pleaded guilty from challenging the conviction with newly discovered evidence. In light of its construction of the *coram nobis*, the Court concludes that the "proper time" for presenting evidence under the statute is during the trial or in certain pre-trial hearings. It does not address the import of previously undiscovered evidence uncovered only after a defendant has pleaded guilty. Instead, the Court's ruling would allow the guilty plea and judgment of conviction to rest on an insufficient or erroneous factual basis, contrary to the requirements of Tennessee Rule of Criminal Procedure 11(b)(3). More significantly, the defendant's waiver of fundamental rights through a guilty plea would not be entered by the defendant voluntarily, knowingly, and intelligently.

As this Court found in *Wlodarz*, a *writ of error coram nobis* provides an appropriate procedural mechanism for challenging a conviction based on a guilty plea when all other post-judgment remedies are no longer available or fail. *Wlodarz*, 361 S.W.3d at 499. Rather than permitting the defendant to reargue evidentiary issues already

3

known to the defendant at trial, the writ affords the petitioner a final opportunity to seek adjudication based on additional, relevant facts unknown to the government, the defendant, and the trial court at the time of the plea hearing. *Coram nobis* relief is appropriate when a hidden or unknown issue "'would have prevented the rendition of the judgment had it been known to the court.'" *Jackson v. State*, No. M2012-01063-CCA-R3-CO, 2012 WL 6694089, at *3 (Tenn. Crim. App. Dec. 26, 2012) (quoting *Newsome v. State*, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998)).

"If the [petitioner] is 'without fault' in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the *coram nobis* proceeding in order to determine whether the new evidence *may have* led to a different result." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The writ is a final opportunity to correct a wrong or unjust result when a guilty plea is entered without the newly discovered evidence. *Wlodarz*, 361 S.W.3d at 505; *see also United States v. Morgan*, 346 U.S. 502, 512 (1954). To hold otherwise would prevent a petitioner from challenging the factual basis for a guilty plea.[1] An incorrect judgment of conviction would stand, even though the trial court has been made aware of newly discovered facts that call into question the knowing and voluntary nature of a guilty plea and a defendant's waiver of constitutional rights.

This Court previously determined that "the *writ of error coram nobis* is a viable remedy to attack the knowing and voluntary nature of guilty pleas which serve as the basis for convictions." *Wlodarz*, 361 S.W.3d at 506. This case presents no circumstances to depart from this prior determination. Instead, *stare decisis* compels us to uphold this Court's ruling in *Wlodarz* and all Tennessee cases following the *Wlodarz* decision.[2]

For the aforementioned reasons, I respectfully dissent.

_____
SHARON G. LEE, CHIEF JUSTICE

---

[1]Had the newly discovered evidence been discovered prior to the guilty plea, the petitioner may have opted to go to trial rather than enter a best-interest plea.

[2]*See, e.g.*, *Dalton v. State*, No. M2014-02156-CCA-R3-ECN, 2016 WL 2638996, at *3 (Tenn. Crim. App. May 5, 2016); *Cook v. State*, No. E2014-00291-CCA-R3-ECN, 2014 WL 2854810, at *1 (Tenn. Crim. App. June 23, 2014); *Jackson*, 2012 WL 6694089, at *3; *see also Smothers v. State*, No. W2011-02684-CCA-R3-PC, 2012 WL 6475742, at *2 (Tenn. Crim. App. Dec. 13, 2012); *Hale v. State*, No. M2011-01992-CCA-R3-CO, 2012 WL 1895951, at *2 n.1 (Tenn. Crim. App. May 23, 2012).