

FILED
May 12, 2025
02:21 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Stuart Burris | ) Docket Nos.    2022-05-0597 |
| | )                              2022-05-1262 |
| v. | ) |
| | )    State File Nos. 28454-2022 |
| Amazon.com, et al., and WWL Vehicle | )                              18029-2020 |
| Services Americas, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Appeal Dismissed and Order Certified as Final

---

After the trial court issued an order granting summary judgment to one of the employers in this consolidated action, the employee filed several notices of appeal. The first two notices of appeal, filed on the thirtieth day after the issuance of the trial court's order, did not utilize the "notice of appeal" form prescribed and approved by the Bureau of Workers' Compensation. The required appeal form was instead filed on the thirty-first day after issuance of the trial court's order. Thereafter, the employer filed a motion to dismiss the appeal, asserting the employee's notice of appeal was not timely filed. Having carefully reviewed the record, as well as the pertinent statutory and regulatory provisions, we conclude we have no subject matter jurisdiction over this appeal, dismiss as untimely the employee's notice of appeal, and certify as final the trial court's order granting summary judgment for purposes of further appeal.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

William J. Butler, McMinnville, Tennessee, for the employee-appellant, Stuart Burris

Kristen C. Stevenson and Matthew G. Wells, Knoxville, Tennessee, for the employer-appellee, Amazon.com

Effie V. Bean Cozart, Brentwood, Tennessee, for the employer, WWL Vehicle Services Americas, Inc.

1

**Factual and Procedural Background**

On March 11, 2025, the Court of Workers' Compensation Claims issued a compensation order granting summary judgment to Amazon.com ("Amazon"), one of the employers in the above-styled consolidated action.[1]  Pursuant to Tennessee Code Annotated section 50-6-217(a)(2)(B), any party seeking to appeal that order had "thirty (30) calendar days after the issuance of a compensation order" to appeal the order.  In addition, with respect to all appeals of any order issued by the Court of Workers' Compensation Claims, the applicable statute states the aggrieved party may appeal the order "by filing a timely notice of appeal *on a form prescribed by the administrator*."  Tenn. Code Ann. § 50-6-217(a)(2) (2024) (emphasis added).[2]  Tenn. Comp. R. and Regs. 0800-02-22-.01(1) also speaks to this requirement: "Any party may appeal any order of a workers' compensation judge by filing a notice of appeal, *on a form approved by the Bureau*, with the clerk of the court of workers' compensation claims."  (Emphasis added.)

In the present case, the employee had until April 10 to timely file a notice of appeal of the March 11 Compensation Order issued by the trial court.  On April 10, the employee's counsel filed two pleadings, one entitled "Notice of Appeal" and a second entitled "Amended Notice of Appeal."  Both pleadings gave notice of the employee's appeal of the trial court's Compensation Order, and both included a Certificate of Service indicating they were electronically served on opposing counsel on April 10.  However, the employee did not file the required appeal form "prescribed by the administrator" until the following day, April 11, which was after the appeal deadline had expired.  The Certificate of Service included with the form, signed by the employee's counsel, indicated that service of the notices of appeal had occurred on "the 10th/11th day of April, 2025."[3]

---

[1] The employee initially filed claims against two employers with two different dates of injury.  Because there were common factual and legal issues, those cases were consolidated by the trial court on September 9, 2023.  As we stated in the first appeal of this case, "despite consolidation, there remain two separate causes of action." *Burris v. Amazon.com Services, LLC*, Nos. 2022-05-1262, 2022-05-0597, 2024 TN Wrk. Comp. App. Bd. LEXIS 9, at *18 (Tenn. Workers' Comp. App. Bd. Mar. 7, 2024) (citing *City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 Tenn. App. LEXIS 499 (Tenn. Ct. App. Aug. 16, 2005) ("A consolidation of separate actions for purposes of trial does not merge the independent actions into one suit . . . . Each cause of action retains a separate identity, and each party is responsible for complying with procedural requirements." (internal quotation omitted)).

[2] The Administrator of the Bureau of Workers' Compensation is statutorily authorized to "enforce this chapter" and to "promulgate rules and regulations implementing this chapter." *See* Tenn. Code Ann. § 50-6-233 (2024).

[3] In the pleadings filed on April 10, the employee's counsel indicated that the employee "will be pro se going forward, as his attorney agreement was only for representation through the trial court level." However, the record contains no motion to withdraw filed by the employee's counsel, as is required by the regulations governing both the Court of Workers' Compensation Claims and the Workers' Compensation

2

On April 17, Amazon filed a motion to dismiss the employee's appeal, arguing that "[t]o appeal a compensation order, a party must file a notice of appeal on a form approved by the Bureau within 30 days of the date a compensation order is filed." Because the notice of appeal on the Bureau's form was filed on the thirty-first day after the compensation order was issued, according to Amazon's argument, the notice of appeal was late, and the Appeals Board has no jurisdiction to hear the appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(3) (2023) ("Any appeal in which the notice of appeal is not received by the clerk of the court of workers' compensation claims within the time provided by paragraph (1) shall be dismissed.").

**Analysis**

We begin our analysis by noting that subject matter jurisdiction is a threshold issue that cannot be waived and can be raised at any time in the course of litigation by any party or by the court sua sponte. *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012); *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012). As the Tennessee Court of Appeals has noted, the timely filing of a notice of appeal is crucial to the jurisdiction of the appellate tribunal. *Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 Tenn. App. LEXIS 95, at *12 (Tenn. Ct. App. Feb. 10, 2016). "If the notice of appeal is not filed in compliance with the requirements . . . , the appellate court is without jurisdiction to consider the issues raised by the parties on appeal." *Id.* "When the record presents a question regarding the timeliness of a notice of appeal, we must . . . address it first before proceeding to the remaining issues." *Id.*

This issue hinges on our interpretation of statutory and regulatory language. As the Tennessee Supreme Court has explained, "the most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). "The text of the statute is of primary importance." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). "A statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says." *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). Moreover, Tennessee's appellate courts have applied these rules of statutory construction to regulations drafted by administrative agencies pursuant to a legislative delegation of power. *See Houghton v. Aramark Educ. Res.*, 90 S.W.3d 676, 678-79 (Tenn. 2002) (citing *Consumer Advocate Div. v. Greer*, 967 S.W.2d 759, 762 (Tenn. 1998)).

In the context of workers' compensation cases, the Court has further explained:

---

Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-21-.04(3) (2023) and Tenn. Comp. R. & Regs. 0800-02-22-.03(4) (2023).

> This rule of construction is of paramount importance when interpreting workers' compensation statutes because workers' compensation benefits *and procedures* are entirely creatures of statutes. These statutes were enacted because the common-law tort system was perceived to be unfair to both employees and employers, and thus these statutes serve as a "complete substitute" for the previous common-law remedies *and procedures*.

*Cooper v. Logistics Insights Corp.*, 395 S.W.3d 632, 643 (Tenn. 2013) (citing *Martin v. Lear Corp.*, 90 S.W.3d 626, 632 (Tenn. 2002) (emphases added)).

Here, the statute authorizing a party to appeal any compensation order from the Court of Workers' Compensation Claims to the Appeals Board specifically requires the use of the notice of appeal form "prescribed by the administrator," and the notice must be filed "[w]ithin thirty (30) calendar days after the issuance of" the order being appealed. Tenn. Code Ann. § 50-6-217(a)(2) (2024). Moreover, Tenn. Comp. R. and Regs. 0800-02-22-.01(3) mandates the dismissal of any appeal "in which the notice of appeal is not received by the clerk of the court of workers' compensation claims" within the time provided by law. We have previously concluded that the timely filing of a notice of appeal is "mandatory and jurisdictional." *Bates v. Command Center, Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *5 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). Thus, if there is no timely-filed notice of appeal, we have no subject matter jurisdiction in the case. *Id.*; *see also Sixx v. Clark*, No. E2024-00403-COA-R3-CV, 2025 Tenn. App. LEXIS 157, at *19 (Tenn. Ct. App. May 2, 2025) (concluding an untimely notice of appeal deprives an appellate court of subject matter jurisdiction).

Given that the statutory language at issue is clear, direct, and unambiguous, we are constrained to conclude the general assembly "said what it meant and meant what it said." *See In re Kaliyah S.*, 455 S.W.3d at 552. Although we acknowledge that the notices of appeal the employee filed on April 10 contained all information necessary to fairly put all parties on notice of the nature of the employee's appeal, we must apply the unambiguous language of the statute and regulation as written, both of which mandate the use of the Bureau's approved form to initiate an appeal.

Finally, in his response to Amazon's motion to dismiss the appeal, the employee cited *Hutchins v. Cardinal Glass Indus.*, No. E2023-00587-SC-R3-WC, 2024 Tenn. LEXIS 3 (Tenn. Workers' Comp. Panel Jan. 11, 2024), which concerned a timely filed a notice of appeal of the trial court's order granting summary judgment. The employer argued on appeal that the employee had failed to properly appeal the order denying the employee's motion to alter or amend. *Id.* at *7. The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel rejected this argument, explaining that "[t]imely filed [n]otices of [a]ppeal generally play no part in defining the scope of appellate review." *Id.* The Appeals Panel then noted that the notice of appeal "would still be sufficient because

4

the Notice specifically designates the . . . Order denying [the employee's] Motion to Alter or Amend," and "[the employer] cannot claim it lacked notice of [the employee's] intending to challenge the denial." *Id.* As a result, the Appeals Panel concluded it "has jurisdiction over [the employee's] appeal in its entirety." *Id.*

In the present case, however, the issue does not concern the scope of the appeal but the timely filing of the notice of appeal. As noted above, a timely-filed notice of appeal is a statutory prerequisite to jurisdiction passing from the trial court to us. In *Hutchins*, the Appeals Panel concluded that the employee timely filed a notice of appeal, and the issue concerned the scope of an appeal *after* a proper notice of appeal had been filed. Here, however, the question is whether a proper notice of appeal was timely filed in the first place. We conclude the Appeals Panel's opinion in *Hutchins* is not determinative.

In short, a proper notice of appeal, as required by both statute and regulation, was not timely filed, and we are therefore required to dismiss the appeal pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.01(3) for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, we dismiss as untimely the employee's notice of appeal and certify as final the trial court's Compensation Order for purposes of further appeal.[4]

---

[4] Tennessee Code Annotated section 50-6-225(a)(1) states that any party "dissatisfied or aggrieved by a workers' compensation appeals board decision to certify a compensation order of the court of workers' compensation claims as final" can appeal that decision to the Tennessee Supreme Court. That section does not, however, expressly allow an aggrieved party to appeal an order or decision of the Appeals Board dismissing an appeal. Moreover, the law provides that, "[f]or purposes of further appellate review, the workers' compensation appeals board *must*, if appropriate, certify as final the order of the court of workers' compensation claims." Tenn. Code Ann. § 50-6-217(a)(2)(B) (emphasis added). Thereafter, "[t]he decision of the workers' compensation appeals board is appealable to the Tennessee Supreme Court." *Id.* To preserve the employee's access to judicial review, therefore, we conclude that although we must dismiss his notice of appeal as untimely, thus depriving us of subject matter jurisdiction of this appeal, we must also certify as final the order of the court of workers' compensation claims granting summary judgment for purposes of further appeal.

5



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Stuart Burris | )  Docket Nos.  2022-05-0597 |
| | )                2022-05-1262 |
| v. | ) |
| | )  State File Nos.  28454-2022 |
| Amazon.com, et al., and WWL Vehicle | )                18029-2020 |
| Services Americas, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of May, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| William J. Butler | | | | X | joey@hollimanlawfirm.com<br>barbara@farrarhollimanmedley.com |
| Kristen C. Stevenson<br>Matthew G. Wells | | | | X | kcstevenson@mijs.com<br>mgwells@mijs.com<br>kpkudialis@mijs.com |
| Effie Cozart | | | | X | effie.cozart@libertymutual.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov